*Morehead & Reed* for plaintiff.

FLORRANCE, ADM'R. *vs* GOODIN AND THOMAS.

---

# Florrance, Adm'r. *vs* Goodin & Thomas.

ERROR TO THE HARDIN CIRCUIT.

*Jurisdiction. Void Judgment and Replevin Bond.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

DEBT.

Case 30.

Oct 3.

Case stated.

THIS is an action of debt, instituted in the Circuit Court, on a bond purporting to be a replevin bond for $56 52 cents, taken by a Constable, from Goodin and Thomas, to the plaintiff in error. The defendants pleaded "that the plaintiff warranted Goodin on a note executed by him to the plaintiff, for the sum of $53 12½ cents, upon which there was no credit indorsed, before W. Beeler, Justice of the Peace, for Hardin county, and said Beeler rendered judgment on the same, having no jurisdiction of the cause, and issued execution thereon, which was levied by C. H. Wood, a Constable of the county, on the property of Goodin, and so obtained the execution of said bond, upon and by virtue of proceedings void in law, which proceedings are now shown to the Court." To this plea the plaintiff demurred, and the plea being sus-

FLORRANCE,
ADM'R.
*vs*
GOODIN AND
THOMAS.

Justices of the Peace have no jurisdiction to render judgment on notes for a graeter sum than $50 principal, & any judgment for such cases for a graeter sum, are *void*, and a replevy bond taken in virtue of an execution on such judgment, is invalid as a statutary or common law bond, and no suit can be maintained upon it.

A note for a greater amount than $50, is not merged in a judgment of a Justice thereon—he has no jurisdiction, and for that cause it is *void*.

tained, and judgment rendered for the defendants, the plaintiff has brought the case to this Court.

The plea is a good bar to the plaintiffs action. The bond cannot be sustained as a replevin or statutary bond, nor as a common law bond. The Justices' Court is a Court of limited jurisdiction, and the Justice had no power to take cognizance of, or render judgment on a note, which exceeds fifty dollars, and has not been reduced below that amount by credits indorsed on the same.

The judgment was a judgment *coram non judice*, and therefore void, and being void could not have the effect to merge the note or original cause of action. The execution which issued upon it was also void, and could confer on the Constable no authority to seize the property of the defendant, nor to exact from him the execution of a bond as the means of procuring its release. 'It was exacted by an officer of the law, by colour of his office, but without colour of legal authority, and should have no greater obligatory force than if it had been taken by him without an execution in his hands. To give vitality and force to a bond thus obtained, either as common law bond or statutary bond, would have the effect to encourage an assumption and exercise of unauthorized power, on the part of the Justice and his ministerial officer, to the great annoyance and oppression of the citizens.

In the case of *Thompson* vs *Buchanan*, (2 *J. J. Marshall*, 418,) this Court says, "the general rule is, that a bond, whether required by statute or not, is good as a common law bond, if entered into voluntarily, and for a valid consideration, and if not repugnant to the letter or policy of the law." If the note sued on is not merged by the judgment, it is not merged by the replevin bond which is taken in lieu of and satisfacrion of the judment, and if not merged by either, the original cause of action remaining in full vigor, the bond was without consideration; and it was taken not only without the authority of law, but as tending to incourage in the officers of the law, the exercise of illegal power, it is against the policy of the law to sustain it as a valid common law bond.

In the case of *McCormack* vs *Young*, (3 *J. J. Mar.* 180,) this Court decided that a replevin bond, taken by

a Sheriff on a distress warrant for rent, the Sheriff having no legal authority to execute such warrant, was invalid as a statute or common law bond. If the bond in that case, though taken in pursuance of a valid distress warrant, was not obligatory, merely because it was taken and acknowledged before an officer who had no legal authority to take it, much more should the bond in question be declared invalid, which has been taken in pursuance of a void judgment, and by an officer having no pretext of legal authority for exacting it at the time it was taken.

The judgment of the Circuit Court is affirmed, with costs.

*Grigsby* for plaintiff: *Helm* for defendants.