## W. F. BOAL, ADMINISTRATOR OF THE ESTATE OF MARY T. DUGAN, Respondent, v. ALBIN MORGNER, Appellant.

1. *Husband and wife — Separate property of wife — Husband should be joined in suits concerning — Otherwise where property is simply that of wife.—* Where property is simply that of the wife, and not her separate property, whether conveyed to a trustee for her use or to her directly, the husband would have a marital interest, of which he could not be divested without his consent; and in suits pertaining to such property, he should be joined as a party. But her separate estate, on every rule governing it, must be considered as held by her, divested of any interest in the husband, and he need not be made a party to actions affecting it.

2. *Husband and wife — What words necessary to create an estate in the wife.* —No special or technical words are required to create in the wife a separate estate; but any provision that negatives or excludes the marital rights of the husband, while giving the property to the use of the wife, should be held to create in her a separate estate. Though the words "separate use" or "sole use" are usually employed, yet if the same intention is clearly expressed by other terms or provisions of the instrument, such words are not necessary.

Boal, Adm'r of the estate of Dugan, v. Morgner.

3. *Practice, civil — Supreme Court — Penalty of ten per cent. damages applies to what cases.*—The penalty of ten per cent. damages awarded in the Supreme Court has been usually confined to appeals for delay merely from judgments on contracts—to collection cases; and that court is not inclined to extend it to suits for false and fraudulent representations unless special reasons appear.

*Appeal from Sixth District Court.*

*Lewis, Lackland & King*, for respondent.

*Dryden & Dryden*, and *Krum & Decker*, for appellant.

BLISS, Judge, delivered the opinion of the court.

The defendant conveyed to a trustee, for the use of plaintiff's intestate, by deed without covenants of seizure or warranty, certain real estate in the city of St. Charles, and for a full consideration received from her. After her death, her administrator prosecuted this suit against defendant for false and fraudulent representations in regard to his title, made to her at the time of the purchase, and charges him with representing that a certain judgment had been by him paid and satisfied, and was not in the way of his passing a good title by said deed, when in fact he had himself, upon execution upon the same judgment, bid off a portion of the same land, and caused it to be conveyed by the sheriff to a third person, and thus had created a better legal title through said judgment than that conveyed to Mrs. Dugan's use.

The petition shows that decedent paid the purchase money and received the deed, trusting to defendant's representation; that she, during her life, and her administrator since her death, had been subjected to large expenses to disencumber the title of said encumbrance, and asks for compensation in damages for the sums so expended. The plaintiff obtained judgment, which was affirmed in the District Court, and defendant brings the case here, claiming that there was error in refusing proper declarations of law, and in overruling the motion in arrest.

The defendant contends — and sought to raise the question by declarations of law and by his motion — that the plaintiff had no right to sue, inasmuch as his intestate was a *femme covert* at

4—VOL. XLVI

the time of the deception, and her husband is still living. But the deceptions pertained to and affected the title of her separate estate, and to make it as good as was represented, she and her administrator, and not her husband, were subjected to the expenses sought to be recovered back. Upon every rule that governs the separate estate of the wife, granting her its exclusive control, and subjecting it to her contracts and to hers alone, it must be considered as held by her divested of any interest in the husband. I can not, then, see upon what principle, in a suit pertaining to such estate, he should be required to prosecute; for parties in interest only are bound to sue. And besides, this action was brought while section 8, chapter 161, of the revision of 1865 was in force, and before it was changed in 1868, as incorporated in section 8, Wagn. Stat. 1001, and which expressly provided that when the action concerned the separate property of the wife she might sue alone. It might with more reason be claimed that the suit should have been brought by the trustee; but, as he could only bring it for the use of the estate of his *cestui que trust*, the objection, if it ever could have been raised, is but one of form, and is waived by not demurring. (Wagn. Stat. 1014–15, §§ 6, 10.)

It is claimed that an action for a wrong done the wife is a personal action, and that its subject-matter can not become a separate estate. This may be true in general, but an inspection of the petition shows that this suit is not brought for injury to her person, or to or in regard to any property or right in which the husband had an interest, but to recover back money expended by her and her administrator, to make good her title to her separate property. Suppose a trespass had been committed, or irreparable damage was about to be done to this property, who but the wife, if living, would be interested in the remedy? Or, if sued, whose estate would suffer?

I assume that this property was conveyed to the separate use of the wife, and not to her use merely. I do this from the fact that it was purchased with funds not furnished by the husband; and by the terms of the deed under which she received it, the power of disposition was vested in her without the husband — thus

indicating an intention on her part to hold it divested of his control. No special or technical words are required, but any provision that negatives or excludes the marital rights of the husband, while giving the property to the use of the wife, should be held to create in her a separate estate. Though the words "separate use" or "sole use" are usually employed, yet if the same intention is clearly expressed by other terms or provisions of the instrument, such words are not necessary. (Clark v. Maguire, 16 Mo. 302; 2 Sto. Eq., § 1381; Hill. on Trust. 420.)

If this were simply the property of the wife, and not her separate property, whether conveyed to the trustee for her use or to her directly, the husband would have a marital interest of which he could not be divested without his consent; she could not even sell her interest but by joining with him. But in this case his interest is not recognized, and the fact that the wife and her trustee may convey the whole estate without him, plainly indicates that he had no marital rights, has nothing to convey himself, and has no power to control the conveyance of his wife.

This is the only question it is necessary to consider, and the judgment of the District Court will be affirmed.

Counsel asked for ten per cent. damages upon the judgment below. This penalty has been usually confined to appeals for delay merely from judgments upon contracts — to collection cases; and we are not inclined to extend it to actions of this kind unless special reasons appear. The other judges concur.