JOHN MEYERS, Respondent, *vs.* ADALINE H. VAN WAGONER *et al.*, Appellants.

1. *Notes—Surrender, etc.—Consideration.*—The surrender and cancellation of a note is a sufficient consideration for another given in lieu thereof.
2. *Married woman—Separate estate, etc.*—As to her separate estate, a married woman is *feme sole.*
3. *Married woman, note of—Binds separate estate, when.*—The delivery of her note by a married woman, raises the presumption that she intends to bind her separate estate.

*Appeal from St. Louis Circuit Court.*

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery to subject the separate property of the defendant, Adaline H. Van Wagoner, to the payment of a promissory note which she had executed and delivered to the plaintiff.

The petition alleges that she is the owner of certain real estate situate in the City of St. Louis, and described in the petition, and that it is held by the defendant, John M. Krum, in trust for her sole and separate use; that she and the defendant Garret S. Van Wagoner are husband and wife, and were so at the time of the execution of the note; that she executed and delivered the note in suit, and intended thereby to bind and did bind her separate estate for its payment, and prays judgment for the amount of the note, and that it be enforced against her separate property described in the petition. The answer denies the material facts alleged in the petition, and the defendant Adaline H. Van Wagoner in a separate answer alleged that the note in suit was made without any consideration, and that it was merely voluntary, and that she did not bind nor intend to bind her separate property for its payment. The plaintiff by replication denied the new matter contained in the answer. The plaintiff had judgment at Special Term, which was affirmed by the General Term, and the defendants have appealed to this court.

The facts as developed on the trial appear to be; that the plaintiff held the note of Adaline H. Van Wagoner's son by a

former marriage, for loaned money; that this son was wholly insolvent; that the plaintiff applied to Mrs. Van Wagoner to assume the debt, which she did by executing her own note for the same, and taking up and destroying her son's note; that plaintiff held this note for some time, when she renewed it by giving the note in suit with an extension of time of payment. Nothing was said by either party in regard to her separate property when she executed the notes referred to. She testified, on the trial, that she did not intend to bind her separate property by assuming the debt and giving her own notes for it. But there was no proof that anything at all was said about her separate property at the time of executing either note. It was admitted that the real estate described in the petition was and still is her separate property.

The point that the note sued on was voluntary and without consideration was not sustained by the proof. The surrender and cancellation of her son's note was a sufficient consideration for the note she executed. If the first note was good, the second note in renewal was certainly good, as it was supported by the same consideration, and also by the further consideration of the extension of time.

As a general proposition the contracts of a married woman are of no validity except as in regard to her separate property. In regard to such property she is treated as a *feme sole.* (Metropolitan Bank vs. Taylor, 53 Mo., 444.) If she gives a note the law implies, in the absence of proof to the contrary, that she intends to bind her separate property. Unless such was the intention, her act would be utterly void. Therefore, in the execution of a promissory note, it must be inferred that she intended it as a valid act and as binding on her separate property. Whether she could give a note, and by outside declarations made at the time, and not embodied in the note, control the intention which the law implies from the act itself, is a question upon which we express no opinion, as it is not involved in this record.

Let the judgment be affirmed. Judge Sherwood absent, the other judges concur.