MORRISON v. THISTLE, *Appellant.*

1. **Married Woman's Separate Estate, how Created.** The words designed to create a separate estate for a married woman need not appear in the granting clause or in the *habendum* clause of the deed. Equity looks to the intention—will glean it, if possible, from the four corners of the instrument, and will not allow it to fail by reason merely of the accidental mislocation of words. A deed running as follows: This deed, made and entered into, &c., by and

Morrison v. Thistle.

between A, party of the first part, and B, wife of C, to her sole and separate use and benefit, party of the second part, witnesseth, &c., *Held*, to create a separate estate in B as fully as if the words "to her sole and separate use and benefit" had appeared in the granting or *habendum* clause.

2. ———: **How Bound**: BLANK NOTE. A married woman may bind her separate estate by a note executed in blank.

3. ———: WIFE'S NOTE PAYABLE TO HUSBAND. In equity, a note made by a wife payable to her husband is, in the hands of a third party, capable of enforcement as a charge against her separate estate.

*Appeal from Lafayette Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

There was testimony in the case on the part of the defendant tending to prove that when the note in suit was executed by defendant it was blank as to amount, name of payee and time and place of payment, and the other makers had not signed it.

*Wallace & Chiles* for appellant.

1. There is nothing in either the granting clause or the *habendum* clause indicating any intention to have the property held as the separate property of defendant, nothing that excludes the marital rights of her husband, no words of limitation, either in the granting or *habendum* clause, but the conveyance or granting clause and warranty clause of the deed, as well as the *habendum* clause, are all to the defendant, her heirs and assigns forever, a simple conveyance of the legal estate to defendant. Wash. on Real Prop., (2 Ed.) 651, 652; Ib. 689, 691; 4 Kent Com., (6 Ed.) 460, 461; *Waddell v. Williams*, 50 Mo. 216. If the words "to her sole and separate use and benefit," attached to the name of defendant, in the clause of the deed designating the parties, can be construed to be a limitation on the fee simple estate conveyed by the granting clause, or as a restraint of the marital rights of defendant's

husband, it must be rejected as repugnant to the granting and *habendum* clauses.   *McDowell v. Brown*, 21 Mo. 57. 2. The note cannot be enforced as a charge against defendant's separate estate, because it was blank when executed and delivered.   *Weed S. M. Co. v. Maxwell*, 63 Mo. 486; *Bauer v. Bauer*, 40 Mo. 61; Story's Prom. Notes, (5 Ed.) § 9; *Whiteside v. Cannon*, 23 Mo. 460.   She could not appoint an agent to fill the blanks.   *Silvey v. Summer*, 61 Mo. 255; *Eystra v. Capelle*, 61 Mo. 578; *Shroyer v. Nickell*, 55 Mo. 267.

*Walker & Field* for respondent.

In modern conveyancing the *habendum* clause is not an essential part of a deed.   The extent and character of the estate granted is to be gathered from the whole deed. *Major, Admr. v. Bukly*, 51 Mo. 227.   A married woman may bind her separate estate by a note executed to her husband.   *Lillia v. Airey*, 1 Vesey, Jr. 277; *Norton v. Turville*, 2 P. Wms. 144; *Peacock v. Monk*, 2 Vesey 193; Cord on Marr. Wom., § 368.   And it is immaterial that the note was blank when she executed it.   *Russell v. Langstaffe*, Doug. 514; *Orrick v. Colston*, 7 Grat. 189; *Fullerton v. Sturges*, 4 Ohio St. 529; *Young v. Ward*, 21 Ill. 223; *Tumilty v. Bank of Mo.*, 13 Mo. 276; *Farmers' Bank v. Garten*, 34 Mo. 119; *Henderson v. Bondurant*, 39 Mo. 369; *Spitler v. James*, 9 Am. Law Reg. 605; *s. c.*, 32 Ind. 202.

SHERWOOD, C. J.—Plaintiffs by this proceeding sought to subject the alleged separate estate of the defendant to the payment of her promissory note, executed while a *feme covert*.   The note is in these words and figures:   Lexington, Mo., August 5th, 1871.   $1,000—Two months after date we promise to pay to the order of John P. Thistle, at banking house of Wm. Morrison & Co., Lexington, Mo., one thousand dollars, for value received, negotiable and

payable without defalcation or discount, and with interest from maturity at the rate of ten per cent. per annum.

No. 1358, Oct. ⅝.

MARY H. THISTLE,
J. P. THISTLE,
M. L. BELT.

The court, at the hearing, entered a decree as prayed; hence this appeal.

I.  It is insisted for appellant that she, in consequence of the form of the conveyance made to her, possessed no

**1. MARRIED WOMAN'S SEPARATE ESTATE, HOW CREATED.** such estate as could be subjected to a charge as prayed in the petition.  The instrument in question is, so far as necessary to be copied, as follows: "This deed, made and entered into this first day of April, eighteen hundred and sixty-seven, by and between Edgar Ames and Lucy V. Semple Ames, his wife, and Edgar Ames, executor of Henry Ames, deceased, of the city of St. Louis, Missouri, parties of the first part, and Mary H. Thistle, wife of John P. Thistle, to her sole and separate use and benefit, of Lafayette county, Missouri, party of the second part, witnesseth," &c.  The granting clause in the deed, as well as the *habendum*, is merely "unto the said party of the second part, her heirs and assigns forever." In the creation of a separate estate it is well settled, by a long series of adjudications, that technical words or a particular form of phraseology are unnecessary; that it is sufficient if from the words employed the intention to create such an estate be unquestionably evident.  1 Bishop Law of Marr. Wom., § 825, and cases cited; 2 Story Eq. Jur., § 1380 *et seq.* and cases cited.  Nor do we regard it at all material that the words "to her sole and separate use and benefit" occur neither in the granting nor *habendum* clauses of the deed.  Equity looks to the intention—will glean it, if possible, from the four corners of the instrument, and will not allow such intention to fail by reason merely of the accidental mislocation of the words designed to impress the estate conveyed with a particular character,

and thus effectuate a specific purpose. If the words employed are not to receive the meaning we regard as intended to be ascribed to them, then they are meaningless; but the rule is to give, if it may be, to every word in the writing its appropriate meaning, and not to suffer the very intention to be defeated, although it is unequivocal and manifest, by a hair-spun, technical construction of the instrument. *Clark v. Maguire*, 16 Mo. 302. In the present case the words used are technically apt and correct, and, had they been assigned to a certain place in the deed, not a shadow of doubt could arise as to the effect to be given them. Shall their mere locality, the result of the blunder of the scrivener who drew the deed, thwart the obvious intention which gave that deed its existence? To such a question a negative is the only answer we can return. No case like the one before us is to be found in the books, but we are well satisfied that, in reaching the conclusion that the defendant became possessed of a separate estate, we do only announce something in accord with well-settled principles and cases.

II. We are thus led to consider the effect of the note whose payment was decreed by the court below. In respect to this matter, it is wholly immaterial whether the note was complete when signed by defendant or not. Having ascertained that she possessed a separate estate in the land mentioned in the deed, she, in regard thereto, was a *feme sole* to all intents and purposes, and could execute a note in blank as well as one of the sterner sex, and be as much bound thereby. While it is true that, at law, a woman having separate estate could make no contract of the sort, in equity the rule is entirely different, and so firmly established as to require no citation of authorities.

2. ———: HOW BOUND: blank note.

III. But it is strenuously insisted that, conceding the correctness of the foregoing positions, still the decree rendered must meet with reversal, because the note in suit was made from the wife to her

3. ———: wife's note payable to husband.

husband; is a nullity both at law and in equity, and was therefore incapable of being transferred by the husband to plaintiffs, or of becoming in their hands the basis of the present procedure. The soundness of this view, so far as regards an action at law, cannot be questioned; but in equity husband and wife are not, in a large number of cases, regarded as one and the same person. They, for this reason, may sue and be sued, contract and be contracted with, and become the creditor or debtor of each other with like effect, so far as regards equitable contemplation and rights, as if they had never become one flesh. *Gardner v.. Gardner*, 7 Paige 112; 2 Story Eq. Jur., §§ 1368, 1370, 1372, and cases cited; Willard's Eq. Jur. 634, 646, 647, 648, 649, and cases cited; *Wilcox v. Todd*, 64 Mo. 388. Holding these views, we affirm the judgment. All concur.

AFFIRMED.