# CASES AT LAW AND IN CHANCERY

### DETERMINED IN THE

# SUPREME COURT OF THE STATE OF COLORADO.

## APRIL TERM, 1887.

## Denver & Rio Grande R'y Co. v. Henderson.

1. The owner of stock injured by a railroad train upon full compli-ance with the requirements of the statute is entitled to recover without proving negligence.

2. But failing to comply with the statute, such party may still maintain his action at common law, and in such case he is required to establish negligence.

3. Error in overruling a defendant's motion for a nonsuit is obviated by evidence offered in his own behalf which supplies the defect existing in plaintiff's proofs.

*Appeal from County Court, Fremont County.*

The present action was brought by appellee against the appellant company to recover damages for the killing of appellee's cow by one of the company's trains. In the county court, appellant (defendant) filed a plea in abatement, setting up, among other things, that plaintiff had not complied with section 2571 of the General Laws, being section 2805 of the General Statutes. The cause was tried by a jury. When plaintiff rested, appellant moved for a nonsuit, which motion was denied. There-

upon appellant offered evidence on its own behalf.   Verdict and judgment for appellee.

Mr. John M. Waldron, for appellant.

Mr. C. E. Waldo, for appellee.

Helm, J.   No effort is made to show a compliance, or an attempted compliance by plaintiff, with the statute relating to damages for the injuring or killing of stock by railroad companies in operating their trains.   Sec. 2804 *et seq.*, Gen. St.   The action, therefore, cannot be maintained under the statute, and this presents the first question we are to consider, viz., Does the statute furnish an exclusive remedy for the recovery of such damages?

At common law the owner of animals which, without fault on his part, are killed or maimed through the negligence of railroad companies, their agents or employees, is entitled to recover a fair compensation for the injury thus inflicted.   Section 2 of our statute, being section 2804 aforesaid, must be construed in connection with the remaining provisions of the act.   Thus construing the act, we cannot say that, in express terms or by clear implication, it repeals or suspends the common-law right of action mentioned.   The statute is, in our judgment, simply cumulative.·   The object of the legislature was not to interfere with the owner's existing rights, but, owing to the difficulty of establishing negligence, to give him additional relief.   Upon a full and careful compliance by the owner of the animal injured with the requirements of the act, he would seem to be entitled thereunder to the compensation fixed or proven, as the case may be, regardless of the question of negligence on the part of the defendant company.   Failing to comply with the statute, however, such owner may still have his common-law action.

These views do not conflict with the position taken in *Atchison, T. & S. F. R. R. Co. v. Lujan*, 6 Colo. 338.   An

examination of the files in that case reveals the fact that this question was not there presented or argued, and the opinion shows that it was not passed upon. We are fairly warranted in the conclusion that that case was instituted and tried under the statute, and that in the trial the objection of a partial failure to comply with the preliminary requirements of the act was not urged, or in any way taken advantage of. The opinion declares that by such conduct defendant waived the objection. There is no language announcing that an action at common law in such cases cannot be maintained.

It is necessary, however, for plaintiff, when he does not invoke relief under the statute, but attempts to make his case at common law, to offer in the first instance evidence showing, or fairly tending to show, negligence on the part of the defendant whereby the injury resulted. This burden is upon him. Proof of the injury occasioned by the defendant's locomotive striking plaintiff's animal, and the damages resulting therefrom, does not *prima facie* establish negligence. Pierce, R. R. 428, and cases cited in note 1; Whart. Neg. § 899, and cases cited; Redf. Rys. § 126; and cases cited.

It is, of course, to be remembered, that while in this state the owners of animals may permit them to run at large, the railroad company, upon the other hand, is under no obligation to fence its road or track. In view of these facts, we are not prepared to say that defendant's motion for a nonsuit was properly denied. It is, however, unnecessary for us to determine the question. After the motion was refused, defendant proceeded to offer evidence on his own behalf. In so doing, it sufficiently supplied the defect existing in plaintiff's proofs as to this subject, and thereby waived its right to be heard here upon the erroneous ruling, if such there were.

The engineer who was in charge of the engine that struck plaintiff's animal was placed upon the witness stand, and his testimony fairly tended to establish negli-

gence.   He practically admitted that, had the fireman or himself been looking out the right side of the cab as it rounded the curve described, an animal upon the track or near it might have been seen in time to stop the train; also that the ground was clear of obstacles for a considerable distance on either side of the track where the accident occurred.   From these admissions, and other testimony of the engineer, coupled with the declaration of plaintiff's witness that the cow could have been seen from the point where she was lying after the injury, by one upon the engine of the train going east, for one hundred and fifty or two hundred yards, we cannot say there was no proof whatever of negligence.   Enough appeared to warrant the final submission of this question to the jury; and, under all the evidence, we do not feel justified in disturbing their verdict.

The judgment is accordingly affirmed.

*Affirmed.*