J. P. Edwards, Administrator, Appellant, v. F. H. Burns et al., Respondents.

St. Louis Court of Appeals, May 3, 1887.

1. Married Women—Separate Estate—Evidence.—Proof of a conveyance to the defendant, in 1860, of certain land "for her own proper use and behoof," in settlement of her interest in an estate, will not, without more, support a finding and decree that this land was her sole and separate estate in 1883, and that she, being then a married woman, intended, by her note of that date, to charge it as her separate estate.

2. ———— If the intention to create a separate estate in a married woman is to be gathered from the instrument of conveyance alone, then such instrument must contain apt words to indicate such intention.

Appeal from the Greene County Circuit Court, James R. Vaughan, Judge.

*Affirmed.*

Haseltine Brothers, for the appellant: The

words, "for her own proper use and benefit," in a deed, creates a separate estate in a *femme covert.* *Griffith v. Griffith*, 5 B. Mon. 3; *Warren v. Haley*, 1 S. & M. Ch. 647. The words, "for her use," alone, create a separate estate in a *femme covert.* *Steel v. Steel*, 1 Ired. Eq. 452; *Good v. Harris*, 2 Ired. Eq. 530. If the intention to create a separate estate appears it is sufficient. *Morrison v. Thistle*, 67 Mo. 596; *Klenke v. Koeltze*, 75 Mo. 239; *Martin v. Colburn*, 88 Mo. 229. The law conclusively presumes that Mrs. E. H. Burns intended to bind her separate property by signing the note or contract in question; hence equity should enforce it. *Bank v. Taylor*, 62 Mo. 338; *Morrison v. Thistle*, 67 Mo. 596; *Gray v. Shin*, 69 Mo. 584.

THOMAS W. KERSEY, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is a suit, in equity, to charge the separate estate of a married woman in a certain described tract of land, with the payment of a promissory note executed by her. The court, upon the hearing of the evidence, rendered a decree for the defendant, from which the plaintiff prosecutes this appeal. No declarations of law are required in equity cases, though several, requested by the plaintiff, were refused in this case, and two, requested by the defendant, were given. It appears, from the evidence, and the declarations of law, which were refused and given, that, in the view of the learned judge of the circuit court, the case turned upon the question whether the deed, by which the property sought to be charged had been conveyed to the defendant, Mrs. Burns, vested in her a separate estate, to the exclusion of the marital rights of her husband. This deed ran in the following language:

"Know all men by these presents, that I, Morris M. McClure, of the county of Greene, and state of Missouri, for, and in consideration of, the sum of two hundred and

eighty dollars, the same being so much of her interest in the estate of A. B. McClure, deceased, received to my full satisfaction of Elizabeth Hays Burns, of the county of Greene, and state of Missouri, the receipt whereof is hereby acknowledged, do give, grant, bargain, sell, and convey unto the said Elizabeth Hays Burns, and to her heirs and assigns, the following described lot, tract, or parcel of land, viz. [describing the land]: "To have and to hold the above granted and bargained premises, with the appurtenances thereof, to the said Elizabeth Hays Burns, her heirs, and assigns, in fee-simple forever, to her own proper use and behoof." The remaining portions of the deed consist of the usual covenants of seisin and warranty. No evidence of the nature of the estate intended to be vested in Mrs. Burns, other than what is derived from the face of the deed itself, was offered. We, therefore, are not able to resort to a marriage contract, or other extrinsic evidence, which, as the supreme court, in *Klenke v. Koeltze* (75 Mo. 239), held, might be done. The argument, that we must find somewhere within the four corners of this deed, evidence that it was the intention of the parties to it to vest the property in Mrs. Burns, to her sole and separate use, so as to make it subject, in equity, to the payment of such of her debts as she had manifestly intended to charge upon her separate estate, is founded chiefly in the recital of the deed that the property was paid for by her interest in the estate of A. B. McClure, deceased, and in that part of the *habendum* clause which vests in her the property " to her own proper use and behoof."

We are of opinion that it is necessary, in order to charge the estate conveyed to a married woman with her debts, that the intention of the parties to the deed, by which it is conveyed to her, should appear, either upon the face of the deed itself or from extrinsic evidence, to exclude the marital rights of the husband. No case is cited to us, where our supreme court has held that a deed to a married woman vests in her a separate

estate, from the mere circumstance that the consideration of the deed moved from her and not from her husband, or from the mere use of the words, "to her own proper use and behoof." The decision of our supreme court, which comes nearest to touching the present case, seems to be the case of *Metropolitan Bank v. Taylor* (53 Mo. 444). That case holds that, where, by a deed, or by a decree of a court of equity, property is conveyed to a trustee, "for the sole, separate, and exclusive use, benefit, and behoof, of certain parties, some of whom were, at the time, unmarried females, such deed, or decree, creates a separate estate in such females, to the exclusion of the control of their future husbands." But the language there is quite different from the language of this deed. This deed does not contain the words, "sole," or "separate," or "exclusive," there used. In giving the opinion of the court, in that case, Judge Adams quotes, with approval, the following expression of doctrine in Story's Equity Jurisprudence: "On the one hand, if the language of a marriage settlement, made before marriage, or of a gift or bequest to a married woman after marriage, be, that she is to have the property 'to her sole use or disposal,' or 'to her separate use or disposal,' or 'to her sole use or benefit,' or 'for her own use and at her own disposal,' or 'to her own use during her life, independent of her husband,' or 'that she shall enjoy and receive the issues and profits,' or 'that it is an allowance as for pin money,' *eo nomine;* in all these cases the marital rights of the husband will be excluded, and the property will be for her exclusive use. * * * So, a bequest to a married woman and her infant daughter, to be equally divided between them, share and share alike, 'for their own use and benefit, independent of any other person,' shall be construed to mean for their sole and separate use. So, a bequest to a married woman, 'for her benefit, independent of the control of her husband,' will receive the like construction. In all these cases the words manifest an unequi-

vocal intent to exclude the power and marital rights of the husband." 2 Story Eq. Jur., sect. 1382. In this opinion the court, also, say, that "the purpose must clearly appear, to exclude the marital rights of the husband, beyond any reasonable doubts; otherwise the husband will retain his ordinary marital rights." If this expression is to be accepted as the key to the interpretation of such deeds, there can be no possible doubt that the circuit court was right in the present case.

The decision of the supreme court in *Morrison v. Thistle* (67 Mo. 596), does not aid the plaintiff in the present inquiry. In that case, the words, "to her sole and separate use and benefit," appear in the granting clause of the deed, though not in the *habendum* clause, and the court, on the most obvious principles of interpretation, decided that it was sufficient that the words appeared anywhere in the deed. "Equity," said Sherwood, C. J., "looks to the intention—will glean it, if possible, from the four corners of the instrument, and will not allow such intention to fail by reason, merely, of the accidental mislocation of the words designed to impress the estate conferred with a particular character, and thence to effectuate a specific purpose." But that case is not in point here, because no such words exist in the present deed. Other cases, which are cited in the printed argument of the learned counsel for the appellant, contain nothing which strengthens his view.

The only ones which need be specially referred to are, *Evans v. Knorr* (4 Rawle [Pa.] 68), *Good v. Harris* (2 Ired. Eq. 630), *Steele v. Steele* (1 Ired. Eq. 452), and *Griffith v. Griffith* (5 B. Mon. 113). In *Evans v. Knorr* (4 Rawle [Pa.] 68), the question arose upon the interpretation of a will, which devised certain land to George Knorr, his heirs, and assigns, in trust only "to and for the sole and separate use of Ann Evans,   *   *   *   so that the same shall not be in any manner subject to any of the debts, contracts, or engagements, of her hus-

band," and which, immediately following, contained this clause: "I, also, give and bequeath unto the said George Knorr the sum of one thousand dollars, in trust, for the use of her, the said Ann Evans." The court held that the bequest of the one thousand dollars was *not* for the sole and separate use of the wife, but that it went to the husband   This case, it is perceived, is quite opposed to the contention of the appellant in the case at bar.   In *Good v. Harris* (2 Ired. Eq. 630), the conveyance included land, and was, likewise, in trust, "for the use, maintenance, and support," of a married woman and her children.   It was held that this excluded the marital rights of the husband.   The court said: "Although there is no express provision in the deed that the wife shall have a separate estate in the trust, yet it is manifest that that was the intention, when we read the whole instrument."   That case, it will be perceived, differs from the case before us in the material particular that there was here the intervention of a trustee, other than the husband, and the distinct creation of a trust, which was incompatible with his marital rights.   In *Steele v. Steele* (1 Ired. Eq. 452), the conveyance was *by the husband*, in trust for his wife.   The granting words of the deed need not be considered; for the court held that the conveyance was for the separate use of the wife; since, the trust having been created by the husband, any other construction of the deed would be absurd.   In *Griffith v. Griffith* (5 B. Mon. 113), the conveyance was of a *chattel*, direct by a father to his daughter, "in consideration of her part of the money left her by her grandmother, which I have received," etc.   The granting words were: "Doth bargain, sell, and deliver, unto said Matilda, for her own proper use and benefit, forever."   The court reason thus, in an able opinion given by Marshall, J.: "In consideration of this legacy, then, he conveys the slave to the wife, 'for her own proper use and benefit, forever.'   These words, we think, denote

strongly an exclusive and separate use intended for the wife. For, though in a deed of land, such words are usual, and, almost universal, having been adopted with reference to the statute of uses, and, although in a conveyance of land to a *femme covert*, they might, therefore, be entitled to no operation, as excluding the marital rights of the husband, or as indicating any intention of so doing—yet, as such words never were deemed essential for the transfer of the title to personal chattels, and have never grown into use in conveyances of that sort, the introduction of them into a deed of personalty, is, of itself, sufficient to show that they were intended to have effect, and should entitle them to have their full force and meaning, in giving interpretation to the instrument. If they can have no effect, such words, in a conveyance of personalty, when the use and title are intended to vest in the same person, would be useless and extraordinary. The title, itself, would carry the use, and it would be unusual to express the use in such cases." The learned judge continued this course of reasoning at considerable length, pointing out at every step the essential difference between the implication which should arise from the use of such words, in a conveyance of chattels, and in a conveyance of land.

It thus appears that the words in the *habendum* clause of a deed of conveyance of land, "to his (or her) own proper use and behoof," are ancient technical words in ordinary use in such deeds, and that they are used without reference to the personal status of the grantee. We accordingly hold that, where the deed is to a married woman, "such words do not import an intention to exclude the marital rights of her husband, although the deed contains an additional recital, to the effect that the consideration moved from her."

We, therefore, affirm the decree of the circuit court. Rombauer, J., concurs; Lewis, P. J., is absent.