## HOCHSTADTER ET AL. V. HAYS ET AL.

1. If there were defects of proofs upon the part of the plaintiff, and the evidence offered by the defendant after his motion for nonsuit was overruled supplied such defects, then error cannot be assigned on the action of the court denying the motion for nonsuit.

2. Under the statutes of this state a married woman is no longer *sub potestate viri* as at common law. She may sue and be sued and contract as a *feme sole*. But it is a familiar principle that the nature, validity, obligation and interpretation of contracts are to be governed by the *lex loci*.

3. Plaintiffs brought an action for the price of goods sold a firm, of which defendant, a married woman, was a member, in July, 1880, in Missouri. As the law then stood in that state, a married woman's contracts were valid only as against her separate estate in equity. *Held*, that this action, being in the nature of an action at law, and seeking a personal judgment, cannot be maintained.

*Appeal from District Court of Arapahoe County.*

SUIT commenced by Adolph F. Hochstadter *et al.* against Mary F. Hays *et al.* in the county court of Arapahoe county, July 23, 1881, by filing complaint, affidavit in attachment, undertaking and cost bond. Judgment for plaintiff, and appeal to the district court. Trial in the district court, judgment for defendant, and appeal to the supreme court. The plaintiffs complain of the defendants, partners under the firm name of Hays & Jones, and allege that the defendants were indebted to the plaintiffs in the sum of $665.50, upon account, for goods sold and delivered by plaintiffs to defendants on July 31, 1880; that the same was due and payable January 15, 1881; but defendants have not paid the same

or any part thereof except the sum of $191.65, paid on February 7, 1881. Wherefore plaintiffs demand judgment for the sum of $465.85, with interest from January 15, 1881, to date of judgment. The defendant, Mary F. Hays, in her answer, denies the alleged partnership and indebtedness. For further answer she alleges residence in the state of Missouri at the date of the contract, coverture, and incapacity to contract under the laws of that state. The plaintiffs reply, alleging the defendant's ownership of a separate estate, and her capacity to contract with reference thereto. They plead the following section of the Missouri statutes:

"Sec. 3296. *Married Women to Hold Separate Personal Property Separate from Husband — Liable for What.* Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband. This statute shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife: provided, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless by the terms of said assent in writing full authority shall have been given by the wife to the husband to sell, incumber or otherwise dispose of the same for his own use or benefit."

They further allege "that the said store of general merchandise was owned by the defendants, and that the interest of said M. F. Hays therein was her separate

property, under her sole control, and that her husband had no right or interest whatever therein. And plaintiffs say that the said defendant Hays bought the goods, for the price of which this suit is brought, of plaintiffs, for the purpose of carrying on said store with the intent of charging her separate property for the payment of the same." The defendant Jones was not served. The further facts in the case sufficiently appear from the opinion.

Messrs. JOHN L. JEROME and E. O. WOLCOTT, for appellants.

Messrs. PATTERSON and THOMAS and H. B. O'REILLY, for appellees.

ELBERT, J. We do not notice the cross-error assigned by appellee. If there were defects of proofs upon the part of the plaintiff, and the evidence offered by the defendant after his motion for nonsuit was overruled supplied such defects, then error cannot be assigned upon the action of the court denying the motion for nonsuit. *Railway Co. v. Henderson,* 13 Pac. Rep. 911. We must determine the right of the plaintiff to recover upon all the evidence. The defendant Mary F. Hays was a married woman living in the state of Missouri at the date of the contract sued upon. She pleads her coverture and want of capacity to contract under the laws of that state as a defense. The plaintiff replies by way of avoidance her capacity to contract with respect to her personal estate, and alleges the existence of a separate estate, upon the credit of which the goods of the plaintiff were sold and delivered. The question is presented, To what extent could a married woman rightfully contract in the state of Missouri at the date of the alleged transaction between the plaintiff and defendant? An examination of the decisions of the supreme court of that state discloses substantial uniformity in holding that the contracts of a

married woman are of no validity except as to her separate estate; that as to her separate estate she is treated in equity as a *feme sole;* that no *personal* judgment can be given against her; that the remedy given is an equitable proceeding, having for its object a decree against the separate estate; that her contracts in no way affect or bind her general estate; that it is not necessary that the debt should be evidenced by a written instrument, or that the separate estate should be mentioned; that where she contracts for herself, in her own name, her intention to bind her separate estate is presumed, unless there is something to show the contrary. *Coats v. Robinson,* 10 Mo. 757; *Whitesides v. Cannon,* 23 Mo. 472; *Claflin v. Van Wagoner,* 32 Mo. 254; *Tuttle v. Hoag,* 46 Mo. 42; *Coughlin v. Ryan,* 43 Mo. 99; *Boal v. Morgner,* 46 Mo. 48; *Schafroth v. Ambs,* id. 116; *Bruner v. Wheaton,* id. 364; *Kimm v. Weippert,* id. 535; *Miller v. Brown,* 47 Mo. 508; *Lincoln v. Rowe,* 51 Mo. 573; *Meyers v. Van Wagoner,* 56 Mo. 116; *Siemers v. Kleeburg,* id. 200; *De Baum v. Van Wagoner,* id. 347; *Bank v. Taylor,* 62 Mo. 340; *Morrison v. Thistle,* 67 Mo. 600. In *Davis v. Smith,* 75 Mo. 225, Henry, J., declares what we regard as substantially the doctrine of the authorities which we have cited. He says: "As to the precise nature of the obligations of a *feme covert* who had a separate estate when it was incurred, the authorities are not agreed, but are in inextricable confusion. It is well settled in this state that if she execute a note, and nothing to the contrary is expressed, the creditor may, by a proceeding in equity, have it satisfied out of her separate property. *Whitesides v. Cannon,* 23 Mo. 472. But it is not a lien, or, strictly speaking, a charge upon the property, nor does it bind her personally. All that can be said of it is that it is an anomalous obligation, neither binding her nor her estate, general or separate, but only constituting a foundation for a proceeding in equity, by which her separate property may be subjected to its payment; and until a

decree to that effect be rendered it is neither a lien nor a charge upon the estate. If she own, in addition to her separate property, other property in which she has no separate estate, even where a court of equity enforces payment of the obligation out of the separate estate, it will not, for any deficiency of the separate estate, allow a resort to her other property."

It remains to apply the foregoing principles to the facts. It appears from the evidence, with but little or no conflict, that the defendant Mary F. Hays was a member of the firm of Hays & Jones, doing business in 1880 in Nevada, Missouri; that she was the owner by purchase with her personal funds of the original stock of goods with which the firm commenced business; that she was also the owner of a farm a short distance from the town of Nevada, and of a hundred or more of cattle thereon,— whether the farm was her separate or general property does not appear; that Jones, her partner, was insolvent, having an interest in the profits of the firm as payment for his services; that her husband was also insolvent; that Mrs. Hays was, to some extent, in poor health, and intrusted the management of her business affairs largely to her husband as her agent; that she both verbally and in writing recognized him as her agent; that the property, both real and personal, was in the name of the wife, and was treated by the husband as the wife's separate property; that she signed all papers looking to its disposal or incumbrance; that in July, 1880, the plaintiff sold to the firm of Hays & Jones goods amounting to $665.50, and that the sale was made to the firm upon the credit given the firm by the supposed responsibility of the defendant Mary F. Hays. The defendant Mrs. Hays testifies that she told her husband that she did not want her name used in the partnership with Jones, and that she intrusted her money and property to the management of her husband in order to preserve peace in the family. There is no ground to question her testimony, which

shows her husband to have been entitled to but little respect. It is matter, however, with which the public has nothing to do from a legal standpoint. She in nowise repudiated his agency, or his acts as agent, but, on the other hand, recognized him fully and unequivocally as her agent. On this state of facts there can be no doubt, under the decisions to which we have referred, as to the legal *status* of the contract sued upon. Under the laws of the state of Missouri it was valid in equity, and enforceable against the separate estate specified in the plaintiffs' replication. Suit, however, is brought in the courts of this state, to which the defendant Mrs. Hays has changed her domicile. It is in its nature an action at law, and contemplates a personal judgment against her which will reach her general property. It remains to consider whether the action can be maintained. We are of opinion that it cannot. Under the statutes of Colorado a married woman is no longer *sub potestate viri*, as at common law. She may contract, sue and be sued as a *feme sole*. While this is true, it is a familiar principle that the nature, validity, obligation and interpretation of contracts are to be governed by the *lex loci*, and we are of the opinion that there is a defect of obligation in the contract sued upon which forbids the judgment asked for. What the defendant undertook to do within her legal capacity to contract constitutes the obligation of her contract. She did not undertake to become personally liable to the plaintiffs for the price of the goods. Such an undertaking would have been void, as not within her capacity. Substantially she undertook that her separate estate then existing might be subjected to the payment of the debt in case of default. This was the extent of the obligation of her contract. And this is all that the plaintiffs are entitled to ask any court, whether in Missouri or elsewhere, to enforce. We cannot change the nature of the contract or add to its obligations. A personal judgment can-

not be given, as it presupposes and requires in the contract that which under the *lex loci* was impossible, viz., a valid personal obligation on the part of the defendant to pay out of her general estate. Story, Confl. Laws, § 569 *et seq.; Griswold v. Golding* (Ky.), 3 S. W. Rep. 535. We are cited by counsel for the appellant to a large number of cases as supporting a different view, especially to *Smith v. Spinola*, 2 Johns. 197; *White v. Canfield*, 7 Johns. 117; *Sicard v. Whale*, 11 Johns. 194; *Hinkley v. Marean*, 3 Mason, 89; *Titus v. Hobart*, 5 Mason, 379; *Woodbridge v. Wright*, 3 Conn. 528; *Wood v. Malin*, 10 N. J. Law, 211. We have nothing to say against the doctrine of these authorities. As we understand them, they presuppose and are founded upon what in this case is wanting — a personal obligation in the contract authorizing a personal judgment. We are of the opinion that the defense of coverture interposed by the defendant was good, and that the matter alleged in the replication by way of avoidance was not sufficient. Had the verdict of the jury been in favor of the plaintiffs, the law would not have authorized a judgment thereon in their behalf. The judgment of the court below must be affirmed.

*Affirmed.*