[No. 5279.]
[No. 2911 C. A.]

WELLINGTON, CONSTABLE, v. TERRY ET AL.

1. **Fraudulent Conveyances — Chattel Mortgages — Given to Secure the Debt of Another—Validity as Against Creditors.**

   The mere fact that a chattel mortgage is given by one to secure the debt of another, does not defeat the mortgage.—P. 287.

2. **Chattel Mortgages — Portion of Property Released — Other Property Taken in Lieu Thereof—Effect as to Creditors.**

   While it is well settled in this jurisdiction that, if property secured by mortgage is sold by the mortgagor with the consent or acquiescence of the mortgagee, and the proceeds are applied to any other purpose than that of liquidating the mortgage debt, the mortgage is void at the instance of creditors, and such property may be taken under attachment or execution; yet, if a mortgagee releases a portion of the property mortgaged, and takes other property in lieu thereof, such mortgage is not voidable at the suit of creditors of the mortgagor.—P. 288.

*Appeal from the District Court of Costilla County.
Hon. Chas. C. Holbrook, Judge.*

Action by W. H. Terry and C. J. Rilling against
William T. Wellington, as constable. From a judg-
ment for plaintiffs, defendant appeals. *Affirmed.*

Mr. JAMES W. SHIELDS, for appellant.

Mr. GEO. T. SUMNER, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the
court:

Terry and Rilling brought suit in replevin
against Wellington, as constable, to recover the pos-
session of certain live stock. A justice of the peace
rendered judgment in favor of the defendant, and
the plaintiffs appealed to the county court. By stip-
ulation, the cause was transferred to the district
court of Costilla county. That court found that the
defendant wrongfully detained the property in ques-
tion, found the value thereof to be the sum of one
hundred and fifty dollars, and the damages for the
detention thereof the sum of six cents. The judg-
ment ordered the return of the property or its value,
and awarded damages in the sum of six cents. From
this judgment, an appeal was taken to the court of
appeals.

The appellant says that the judgment should be
reversed because it is not sustained by the evidence,
and because, according to the law and the evidence,
the judgment should have gone in favor of the de-
fendant. It seems that, some time prior to the seiz-
ing of the property by the constable, the property had
been taken possession of by the plaintiffs, and was
held by them as mortgagees at the time it was seized
by the constable. The parties directing the seizure
by the constable claim that the mortgage was void,
because the mortgagee had permitted the mortgagor

to sell a portion of the property and apply the proceeds thereof to his own use, and because the mortgage was given to secure a debt other than the debt of the mortgagors. The mortgage in question was given by Mary A. Rhodes and Louis A. Rhodes to secure the payment of certain notes signed by the mortgagors, aggregating the sum of about $500. Although the notes were signed by Mary L. Rhodes and Louis A. Rhodes, the testimony discloses that S. L. Rhodes, the husband of Mary and the father of Louis, was indebted to Terry, and the notes and mortgage were given to secure this debt. Counsel, in his brief, says: "It is fully shown by the evidence of S. L. Rhodes * * * and not denied by Terry, that at the time of the taking of said mortgage, that Terry knew that the property mortgaged was not the property of Louis or Bert Rhodes, and that he also knew that the debt to be secured was the debt of S. L. Rhodes, which fact renders mortgage void as to creditors."

Rhodes testified that he told Terry that the property did not belong to Mrs. Rhodes or Louis Rhodes, and he intimates that he had the mortgage signed by his wife and son for the purpose of defeating his creditors, but in this he is flatly contradicted by Terry; and the finding of the court must have been contrary to the statement of counsel as to what the testimony discloses. The mere fact that Mrs. Rhodes and her son gave the mortgage to secure a debt of S. L. Rhodes does not defeat the mortgage, and there was testimony to sustain the finding of the court that the mortgage was not fraudulent, and the court must have found that the property mortgaged was not the property of S. L. Rhodes.

It appears, from the testimony, that certain of the mortgaged property was released and certain ditch stock given as additional security for the pay-

ment of the debt. Counsel contend that this transaction vitiates the mortgage, and that the release of the property is, in effect, authority to sell and to apply the proceeds to another purpose than that of the payment of the mortgage debt. But we do not so regard the transaction. Before the property was released, Mr. Rhodes transferred to the holder of the mortgage, as collateral security for the mortgage notes, certain shares of ditch stock. The holder of the mortgage testified that he never consented to the sale of the mortgaged property and the retention of the proceeds, and that the property released was traded for thirty shares of the Prairie Ditch stock. He said: "We three were present, and, presuming that the ditch stock was worth a great deal more than any property that was released, I released this to Mr. Popejoy for the stock that we took instead."

It is well settled in this jurisdiction that, if property secured by mortgage is sold by the mortgagor with the consent or acquiescence of the mortgagee, and the proceeds are applied to any other purpose than that of liquidating the mortgage debt, that the mortgage is void at the instance of creditors, and that the property so mortgaged may be taken under attachment or execution. But the transaction detailed by the witness is quite a different transaction than that claimed by the execution creditor to have occurred. It was, in effect, an agreement to sell and to apply the proceeds to the liquidation of the mortgage debt, and not a consent to sell and retain the proceeds. No authority has been cited holding that, if a mortgagee released a portion of the property mortgaged, taking other property in lieu thereof, that the mortgage is voidable at the suit of creditors of the mortgagor, and we know of no authority so holding.

We have examined the testimony contained in the abstract, and, while we are not prepared to say that the evidence preponderates in favor of the plaintiffs, there was sufficient evidence upon which the court could base his finding, and we must, therefore, affirm the judgment.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.