## No. 14,316.

MELNICK ET AL. *v.* BOWMAN,

TRUSTEE OF THE CALIFORNIA MEAT COMPANY.

(79 P. [2d] 368)

Decided May 2, 1938.   Rehearing denied May 31, 1938.

Mr. HARRY A. FEDER, for plaintiffs in error.

Mr. WILLIAM H. SCOFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION for possession of personal property, or the value thereof. The case was previously before this court on the sufficiency of the pleadings, the opinion appearing in volume 99 of our Colorado reports at page 311, to which reference is made for a statement of the case. We in that opinion reversed the judgment of the trial court, which had sustained a demurrer to the second amended complaint, and sent the case back with instructions to reinstate the amended complaint, and for further proceedings.

The parties will be herein designated as they appeared in the trial court.

Pursuant to our order, after issues joined, a trial was had to the court without a jury. At the close of plaintiff's case, defendants interposed a motion for nonsuit which was denied. At the conclusion of the trial, the judge made findings of fact as follows:

"The court finds that the California Meat Company at the time of the execution of the original chattel mortgage on the 23rd day of November, 1931, was in an involved condition. Judge Holland, in his opinion in the case of Bowman v. Melnick, 99 Colo. 311, says at page 315:

" 'If the allegation as to the then existing indebtedness is true, the defendants as directors and sole stockholders, are chargeable with knowledge of the existing financial condition of the company. By the transaction they added nothing to the assets of the indebted corporation, but

did increase its liabilities to the amount of the questioned chattel mortgages, and by the transaction they shifted their position from that of stockholders of an involved corporation to that of preferred creditors with a first lien upon the assets of a burdened corporation from which they severed their connections. If the corporation was already burdened with debt, this transaction added to its insolvency so far as general credit, then or thereafter, was concerned.'

"The court feels that the evidence sustains these allegations, and that by the execution of the chattel mortgages nothing was added to the assets of the corporation, but its liabilities were increased, and that the former stockholders by this transaction merely shifted their position from that of stockholders of an involved corporation to that of preferred creditors.

"The court further finds that the chattel mortgages covered the entire assets of the corporation.

"The court is of the opinion that the defendants were not guilty of intentional fraud, and while they may have made the transaction in perfect good faith, nevertheless the fact that the corporation was indebted at the time the chattel mortgages were executed, they should not have further encumbered its assets.

"It has been difficult for the court to determine the value of the property as of the date of the conversion, but after a careful consideration it is of the opinion that it is of the sum of $1,000, and against it the defendants are entitled to a credit of $300 for rent paid and $116.52 taxes paid.

"Judgment will enter in accordance with the findings.

"(Signed) Joseph J. Walsh."

The assignments of error alleged, generally, that the judgment is contrary to the law and evidence. This, we dispose of by saying that the findings and judgment of the trial court were based upon conflicting testimony, and upon an examination of the record we are satisfied that there was sufficient competent evidence to sustain the

court's findings, and the judgment will not be disturbed on these general assignments.

Three additional assignments of error, which we shall consider briefly, are as follows: (1) That the trial court erred in finding a money judgment in favor of the plaintiff when the action was one for possession of personalty; (2) that the court improperly admitted a stipulation signed by the respective counsel in the bankruptcy proceeding; (3) that the court erred in refusing to grant the nonsuit.

■■ 1. The prayer in the complaint reads as follows: "Wherefore, plaintiff prays judgment for the possession of the property in this amended complaint described, or for the sum of $3,000, its value, and for costs." Section 87 of the Code of Civil Procedure provides that in an action for possession of property the plaintiff shall at the commencement of the action "file a written undertaking" if given possession of the property. No bond was given in this case and possession remained with the defendants. The case was not tried on the theory that plaintiff was entitled to possession; but on that of conversion of the property by defendant. We think conversion was sufficiently alleged in the complaint. Section 247 of the Code of Civil Procedure (found in '35 C. S. A., vol. 1, c. 18) provides that "in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention." Some of the decided cases under this provision indicate that in a proper case the court may award a money judgment, without its being in the alternative, even though technically it was designated an action in replevin. It is the proof of the facts under the allegations in the complaint, and not the prayer, that determines the relief to be given, and, under the facts as established at the trial, we feel that there was no abuse of discretion on the part of the court in awarding the money judgment.

■■ 2. No error was committed by admitting the

388

stipulation which had been signed by the respective counsel in the bankruptcy proceeding. It was not admitted as being conclusive, but it was material because it dealt with the same property, between the same parties, involved in this litigation, and under the circumstances here its admission was not improper. 22 C. J. 339. At most it was cumulative evidence and, if error, was harmless, and as such is not ground for reversal. *Moynahan v. Perkins*, 36 Colo. 481, 85 Pac. 1132.

3. Whatever may have been the deficiencies of proof at the time defendant's motion for a nonsuit was interposed, such deficiencies were supplied by evidence offered by defendants in their own behalf. *Denver & Rio Grande Ry. Co. v. Henderson*, 10 Colo. 1, 13 Pac. 910; *Hochstadter v. Hays*, 11 Colo. 118, 17 Pac. 289.

As above indicated we feel that there was sufficient testimony to justify and support the findings of the trial court, and, since the law of the case was established by this court on the former review, the judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS specially concur.

MR. JUSTICE BOUCK dissents.

MR. JUSTICE YOUNG specially concurring.

I do not agree with the opinion of the court that the action was tried as one for conversion. I am of the opinion that the trial court properly determined that the property was wrongfully held by defendant and that plaintiff was entitled to recover the same. Such finding necessitated a judgment in the alternative for the possession of the property or, in case delivery could not be had, for its value. The failure to enter an alternative judgment was seasonably called to the attention of the trial court, exception taken and an appropriate assignment of error saves the point here. In my view the order of this court should be that the judgment of the district court be amended to provide for the return of the property or, in

the alternative, if delivery cannot be had, for its value. As so amended the judgment should be affirmed.

I am authorized to state that Mr. Justice Knous concurs in the views herein expressed.

Mr. Justice Bouck, dissenting.

For a proper understanding of the case, it behooves us to supplement the somewhat meager statement of facts in the opinion of the court. The written stipulation in evidence here, introduced by the plaintiff Bowman, which the opinion correctly declares to have been properly admitted, seems conclusive on certain vital issues of fact that call for judgment in favor of the Melnicks.

By this stipulation it is expressly conceded (1) that at the time of the sale by the Melnicks to the Grossmans all of the debts of the California Meat Company were paid, and it had no outstanding obligations except the then potential liability, if any, for future rent under the lease granted by the Home Public Market; (2) that the transfer from the Melnicks to the Grossmans was a bona fide transfer; (3) that at that time the company was solvent; (4) that the mortgage of January 5, 1933, for $1,783.42 was given in lieu of the $2,000 mortgage of November 23, 1931; (5) that a mortgage was given on October 2, 1933, for $1,200 to indemnify the Melnicks for any sums they might have to pay to prevent liens for taxes, rent, etc.

It was further stipulated, in open court, that no claim was filed in the bankruptcy court by the Home Public Market for rent or by the City and County of Denver for taxes or by any insurance company for insurance premiums.

The trial court expressly found that the defendants were not guilty of intentional fraud, which can only mean that they committed no actual fraud and had no specific fraudulent intent. The finding negatives any contention that the conveyance or the mortgages were made with intent to hinder, delay or defraud either existing or sub-

sequent creditors. See: 27 C. J. 555, "Fraud. Conv.," §258; *Wellington v. Terry,* 38 Colo. 285, 88 Pac. 467.

We must not forget that the Melnick-Grossman transactions were exactly equivalent to what the situation would have been if the company had conveyed its assets to the Grossmans and the latter then had given a purely voluntary mortgage to the Melnicks. Under the uncontradicted facts such a mortgage would not be invalid as to subsequent creditors. And here the only creditors involved are shown by the irrefutable evidence in the record to be creditors who became such *after the year 1932.*

Inasmuch as the trial court found the actual value of the property covered by the mortgages to be only $1,000, and the bona fide claim of the Melnicks under the mortgage of January 5, 1933 (a renewal of the original one of November 23, 1931) was for the principal sum of $1,-783.42, the mortgage of October 2, 1933 (given to secure the Melnicks against loss on account of any advances or payments they might make to prevent liens for taxes, rent, etc.), becomes immaterial, though the trial court itself found that the Melnicks later paid certain taxes and rent for which they were entitled to credit in a sum exceeding $400.

The court opinion waves aside the merits of the controversy by saying that the issues had properly been found by the trial court on conflicting evidence. It is readily apparent, from examination of the record itself, that the evidence was in no sense conflicting, but that the trial judge and the opinion are simply mistaken.

Having found conflicting evidence where there is none, the opinion proceeds to consider several secondary contentions, among them the contention that the court erred in entering an absolute money judgment instead of entering the usual alternative replevin judgment for return of the goods or for the value if not returned. This action when commenced in the district court was designated as an action "for possession of personalty"; it is described in *Bowman v. Melnick,* 99 Colo. 311, 63 P. (2d) 464, as a

"suit to recover possession of personal property or for its value"; the prayer of the amended complaint in the record asks judgment "for the possession of the property * * * or for the sum of $3,000 its value"; and throughout the litigation the case has been one of replevin. The absence of a replevin bond is something of which the defendants might perhaps have complained, but the absence of such a security cannot transform a case in replevin into one of trover and conversion. In simplifying procedure, our Code has not abolished the fundamental differences between one kind of case and another. Even if there had been a conversion and this had been what created a cause of action to recover possession, it would be wholly immaterial and could not transform the replevin suit into something else.

However, the facts entitle the Melnicks to judgment on the merits, and so I shall not further discuss the matter along this line, particularly since no authorities are cited to support the court's conclusion that the judgment may be otherwise than alternative. Three of the justices— Young, Knous and the present writer—disagree with the court on this point.

The plain truth is that the trustee in bankruptcy fell down completely in his endeavor to bring himself within any reasonable reading of the opinion in *Bowman v. Melnick, supra.* I still believe—as stated in my dissenting opinion there — that the first opinion was erroneous. Whether or not I was right, it was a decision *merely on the pleadings,* and it cannot be stretched so as reasonably to justify the court's present conclusion.

I respectfully dissent.