WILLIAM B. THOMPSON *vs.* MARY A. GRAY.

*Note on time is agreement for delay, which is a sufficient consideration.*

The taking of a promissory note for an antecedent debt, imposes upon the creditor an obligation to wait for his pay till the note matures, without any special agreement to that effect, or any understanding that the debt shall be thereby extinguished; and the delay thus obtained is a sufficient consideration for the note. Therefore, the note of a married woman, given for the antecedent debt of her husband, is not void for want of con-

sideration, if it is made payable at a future day. The court is not satisfied that at the time of the giving of the note in suit the defendant did not have an intelligent understanding of what she was doing; nor that there was any such fraud or imposition practiced upon her as ought to avoid the note.

ON REPORT.

ASSUMPSIT upon a note given by the defendant to the plaintiff for $190, dated August 17, 1872. A brief statement was pleaded with the general issue, admitting the signature to the note, but saying that it was without any valid legal consideration; that, at the time of its execution, Mrs. Gray was in a feeble and impaired condition of body and mind, and was mentally incompetent to transact business with intelligence, understanding rationally what she was doing; and that the plaintiff procured her signature by artifice, deception and fraud.

The note was given to take up one of her husband, maturing in the bank, for necessaries supplied to their family by the plaintiff.

There is no occasion to rehearse the testimony as to the issues of fact presented, since no legal questions arose upon that branch of the case.

*Howard & Cleaves*, for the plaintiff.

The agreement for delay, which was implied by the act of taking this note, was a sufficient consideration. 1 Parsons on Contracts, *369; *Smith* v. *Alger*, 1 Barn. & Ad., 603; *Pillaus* v. *Millsop*, 3 Burrows, 1674; *Jones* v. *Ashburnham*, 4 East, 459; *Wheeler* v. *Slocumb*, 16 Pick., 52 ; *Boyd* v. *Freize*, 5 Gray, 554: *Breed* v. *Hillhouse*, 7 Conn., 523; *Jennison* v. *Stafford*, 1 Cush., 168; *Walker* v. *Sherman*, 11 Metc., 172 ; *King* v. *Upton*, 4 Maine, 387; *Langley* v. *Bartlett*, 33 Maine, 478.

*A. Merrill*, for the defendant.

The groceries had long before been furnished and consumed, and the debtor-husband's note taken therefor had matured. Then the whole consideration was past, and there was no new one sufficient in law to support this promise.

Though love and affection suffice in case of a sealed instrument,

it is otherwise as to a note.   Story on Prom. Notes, §§ 184, 186, &c.

That delay may become a consideration, there must be an agreement not to sue; and none such is shown here.   *Mecorney* v. *Stanley*, 8 Cush., 85.

In his absence, Mrs. Gray signed this note to take up that of her husband in the bank; and the plaintiff promised so to use it but did not, paying that note himself.   Thus it was obtained upon a false pretence, and was not applied to the use intended.   As the trust upon which it was delivered was not executed by him, the plaintiff cannot now recover of the maker upon it.   *Nutter* v. *Stover*, 48 Maine, 163.   He should have returned it to her when he found it unnecessary to use it for the purpose specified.

WALTON, J.   The promissory note of a married woman given for the antecedent debt of her husband is not void for want of consideration if it is made payable at a future day.   Such a note necessarily operates as a suspension of the right of the creditor to enforce payment of his debt till the note matures; and it is a rule of law too well settled to require the citation of authorities in support of it, that such a suspension of the right of the creditor to enforce payment of his debt is a sufficient consideration for the promise of a third person to pay it.   It is not necessary that there should be an express agreement for delay.   The taking of a new security payable at a future day, by operation of law, and without any special agreement to that effect, imposes upon the creditor the duty of waiting for his pay till the new security matures.   *Andrews* v. *Marrett*, 58 Maine, 539, and authorities there cited.   *Eisner* v. *Keller*, 3 Daly, (N. Y.) 485.

The objection, therefore, that the note in suit was given without consideration is not sustained.

Nor are we satisfied that, at the time of the giving of the note in suit, the defendant did not have an intelligent understanding of what she was doing.   Nor are we satisfied that there was any such fraud or imposition practiced upon her as ought to avoid the note.   She probably felt that if there was no legal obligation rest-

ing upon her to pay the debt, still, inasmuch as it was incurred for necessaries supplied her and her children as well as her husband, and she alone had the means to pay it, that there was a moral obligation resting upon her which she was not at liberty to throw off; and the fact that she was willing to give her personal obligation to pay for such necessaries is not to our minds evidence of insanity or imposition.          *Judgment for the plaintiff.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.