ATHERTON & RICKER v. MARCY.

1. **Prommissory Note**: CONSIDERATION: AGREEMENT FOR EXTENSION OF TIME. Where defendant's father was indebted to the plaintiffs on a promissory note which was about to fall due, and defendant, in consideration of a six months' extension of time on the orignal debt, made his own note therefor payable six months from date, *held* that the agreement to extend the time was sufficient consideration to support the new note. It was not material that the extension of time was agreed upon and made without the concurrence or request of the father.

*Appeal from Sac District Court.*

SATURDAY, OCTOBER 21.

ACTION upon a promissory note. The defenses .were that the note was executed without any consideration, and that it

had been fully paid. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff apppeals.

*Zane & Helsell*, for appellants.

*Chas. D. Goldsmith*, for appellee.

ROTHROCK, J.—I. The plaintiffs were merchants, and the defendant claims that they held a note on his father for goods sold, and that, when the note became due or about due, the plaintiffs procured the defendant to give the note in suit for the debt; that the note in controversy was payable in six months; that he gave this note without any request from his father to do so, and without any consideration moving to defendant.

The plaintiffs claimed on the trial that the original debt was the joint debt of the defendant and his father; that they both purchased the goods, and that the claim was due, and the plaintiffs extended the time of payment for six months on consideration that defendant would give the note in suit. Among other instructions to the jury the court gave the following;

"5. The defendant claims that the note in suit was given for a debt due from his father to the plaintiffs, and that he himself never received any consideration or benefit for giving the same. The plaintiffs claim that the defendant executed the note in question to procure the extension of time on a debt due them from defendant's father. If you believe from the evidence before you, that defendant's father was indebted to the plaintiffs, and that the plaintiffs requested the defendant to execute the note in suit for the debt, there would be no consideration for the same, and your verdict should be for the defendant.

"6. If, however, you believe that the note in suit was made by defendant in payment of goods purchased by him of the plaintiffs, or you think from the evidence that the defendant's father was indebted to the plaintiffs, and that the debt was

due or about to become due, and he wished to procure an extension of time thereon, and that the note in suit was made by the defendant to procure an extension of time on his father's debt, and the extension of time was granted, that would be a sufficient consideration for the making of the note, and your verdict should be for the plaintiffs.

"7. In further illustration of the rule of law that I have just read to you, I will say that, when one party is indebted to another and the indebted party desires the time for the payment of his debt to be extended, that is, where he desires that the payment of the debt may be put off for six months or a year, or any other time, then any third party who comes forward and executes a note in order to get the time extended for the debtor, receives a benefit or a good consideration in law for the making of his note, and will be held to the payment thereof. So in this case, if the defendant made this note in order to extend or to procure an extension of time on some debt due from his father to the plaintiffs, that will be a good consideration for the note, and you must find that he is owing that amount to the plaintiffs, unlesss you find from other evidence in the case that he has already paid it."

We think the above instruction which is numbered five is erroneous in its statement of what was claimed by the plaintiffs. It is there stated that the plaintiffs claim that the note in question was executed by the defendant on a debt due them from defendant's father. If this claim was made, it was outside of the record. The only evidence introduced by the plaintiffs on that subject was to the effect that the goods which formed the consideration of the original debt were purchased by the defendant *and* his father.

The three instructions taken together directed the jury that, if the original debt was the debt of defendant's father, and the note in suit was given by the defendant at the solicitation of the plaintiffs, but without a request from the father, there was no consideration and the verdict should be for the defendant

In other words, that, if the original debt was the debt of the father and he made no request for the extension of time, then the note executed by defendant was without consideration.

It appears that a debt due from a third person is a good consideration for a note, and when the note is executed upon an agreement between the parties thereto, that time on the original debt shall be extended, the consideration is sufficient, even where the note is executed without the request of the original debtor. Parsons on Notes and Bills, Vol. 1, 195.

And "the forbearance of a debt due from him who makes or transfers the note, or of the debt of another at his request, need not even be at the instance of the person liable to be sued." Id., 198.

The rule of the instructions under consideration appear to be inconsistent with that just cited, and we think they are erroneous. Indeed they are not in harmony with the fundamental rule that any benefit to the promissor, or any prejudice or inconvenience to the party to whom the promise is made, is a sufficient consideration to support a promise or contract. In this case if the plaintiffs, as the consideration for the note, agreed to forbear to proceed to collection of the original debt, the consideration was sufficient.

REVERSED.