D. M. OSBORNE & Co. *vs.* MARGARET DOHERTY.

May 21, 1888.

Wife's Note for Husband's Debt—Consideration.—The defendant executed and delivered her own note to her husband's creditor, upon an agreement (which was carried out) that said creditor should surrender her husband's past-due paper, thereby obtaining further time for payment. *Held*, that there was a sufficient consideration for her obligation. *Held, further*, that the verdict in the case was not warranted by the testimony.

Appeal by plaintiff (a corporation) from an order of the district court for Le Sueur county, *Edson*, J., presiding, refusing a new trial.

*R. A.* and *F. C. Irwin* and *John W. Smith*, for appellant.

*Cadwell & Parker*, for respondent.

COLLINS, J. Defendant, a married woman, was sued upon her promissory note, and by her answer set up that there was no consideration for its execution and delivery. Upon the conclusion of defendant's testimony, which was wholly devoted to the matter of want of consideration, plaintiff asked that a verdict be directed for the full amount of the note, which was refused. Witnesses for plaintiff were then examined, arguments made by counsel, and a charge on the law bearing upon the issues given by the court to the jury, when, for some reason not apparent from the record, a verdict was ordered for the defendant. It only devolves upon this court to determine whether such a result can be upheld by the defendant's version of the transaction, as it seems quite clear that, if she failed to make out a defence, she was not aided by such of plaintiff's witnesses as narrated the circumstances of the execution and delivery of the note. By her

testimony it clearly appears that the harvester for which her husband gave his notes was brought to her farm in 1883, and there used in their farming operations; that it was there in 1885, when she signed the note in controversy, remained there, and was subsequently used as became necessary. On June 10th of the last-mentioned year, when called upon by plaintiff's agents, her husband was absent, and she knew that two of his notes were past due and unpaid. The agents then claimed the right to take the machine upon the debt, and were at defendant's house upon that mission, but proposed to her to surrender her husband's notes, take hers instead, granting such extension of time as she might desire, and thus permit her to retain the machine upon the farm. To this she consented, and, if we may rely upon her admissions while upon the witness stand, fully comprehended the situation. She obtained an extension of time for payment, which she concedes to have been satisfactory; thereafter used the harvester, and knew that Mr. Doherty's notes were delivered up to him as contemplated. The principles which govern in this case are so definitely settled, and should be so well understood, as to render the citation of authorities supererogatory. The defendant freely and intelligently substituted her own obligations for those of her husband, postponed thereby the day of payment, and thereafter availed herself of the benefits of the act by using the harvester in her farming operations. The consideration was ample. *Holm* v. *Sandberg,* 32 Minn. 427, (21 N. W. Rep. 416;) *Thompson* v. *Gray,* 63 Me. 228; *York* v. *Pearson,* Id. 587; *Atherton* v. *Marcy,* 59 Iowa, 650, (13 N. W. Rep. 759;) *Mansfield* v. *Corbin,* 2 Cush. 151.

Order reversed.