EMILIE ZUENDT, Appellant, v. ELIZA DOERNER, Respondent.

St. Louis Court of Appeals, March 31, 1903.

1. **Notes, Exchange Thereof:** CONSIDERATION: ESTOPPEL. Plaintiff, the maker of a note, inducing the defendant, who had obtained possession of the note from her deceased mother, the payee there, in some way to surrender it up to him together with the collateral pledged for its security or payment, in consideration of a new note executed by such maker and secured by him, would be estopped from denying defendant's title to the surrendered note.

2. ———: NOTE, DEVOLUTION OF TITLE THERETO: DISTRIBUTIVE SHARE, EQUITABLE TITLE THERETO. From the facts in the case, it will be inferred that the note surrendered to plaintiff was the property of the defendant as a part or the whole of her distributive share of her mother's estate, whereby she became the equitable owner.

3. ———: SURRENDER ONE NOTE FOR ANOTHER: CONSIDERATION THEREFOR, SUFFICIENT. The surrender of an old note is sufficient consideration for the execution of a new note given in lieu thereof.

4. ———: CONSIDERATION SUFFICIENT TO BIND SECURITY. The surrender of stock pledged to secure the payment of a note is sufficient consideration to support the signature of a surety.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

STATEMENT.

The suit is to recover $350, plaintiff's part of rent on certain premises in the city of St. Louis which the defendant collected and withheld from plaintiff.

The answer set up a counterclaim, to-wit, a note for $2,000 dated July 8, 1895, payable to defendant and executed by plaintiff and her husband, Adelbert Zuendt.

The reply admitted the execution of the note, alleged that it was given without consideration, and set out circumstantially the facts upon which plaintiff relied to show that the note was without consideration. These facts will be noticed later on.

The reply was a general denial.

The issues were submitted to the court sitting as a jury. On the trial defendant conceded plaintiff's claim and in support of her counterclaim offered and read in evidence the following promissory note and writing showing the pledge of twenty shares of shoe stock as collateral security for the payment of the note:

"Jefferson City, Mo., July 8, 1895.

"$2,000.

"Three years after date we promise to pay to the order of Mrs. Eliza Doerner of St. Louis, Mo., two thousand dollars, for value received, negotiable and payable, without defalcation or discount, with interest at the rate of six per cent per annum from date.

"ADELBERT ZUENDT,

"EMILIE ZUENDT."

"Having executed our note as above and being desirous of securing the same, we hereby pledge as collateral security twenty shares of the capital stock of the Standard Shoe Company, a corporation doing business in Jefferson City, Missouri, certificate No. 66, par value $2,000." (Then follows authority to sell the collateral in case default be made in the payment of the note.)

Defendant then rested.

In rebuttal, and to sustain her plea of want of consideration, plaintiff testified that she was the daughter of the defendant, and wife of Adelbert Zuendt; that she signed the note about one year after it was given by her husband and knew that twenty shares of shoe stock had been pledged by her husband to secure its payment; that her husband gave the note in place of another note and produced a note for $2,100, dated March 4, 1892, signed by her husband and made payable to Louise Seitz. She testified that Louise Seitz was her grandmother and the mother of defendant; that her husband borrowed $2,100 of her grandmother and gave the note therefor; that Mrs. Seitz died at plaintiff's home in Jefferson City, in the year 1893; that defendant came up from St. Louis to her house before her grandmother, Mrs. Seitz, died; that after the death of her grandmother the note was in possession of the defendant (the evidence does not show how she got possession of it) and that she told her husband the defendant had the note and he would probably have to pay it to her.

The evidence is that Mrs. Seitz died intestate, leaving two heirs, the defendant and Charles Seitz; that letters of administration on her estate were granted to Charles Seitz; that the $2,100 note never came into his hands as such administrator; that final settlement of the estate was made by Charles Seitz on the twenty-ninth day of June, 1895.

On the back of the $2,100 note was indorsed these words in the handwriting of Adelbert Zeundt, to-wit: "Paid by another note for $2,000, and $100 draft on St. Louis. Sign here," in blue pencil. This indorsement was signed by the defendant.

The evidence shows that in June, 1896, the plaintiff was in the city of St. Louis staying with her sister, Mrs. Alvina Weber, and while there received from her husband the following letter:

"My dear Emilie:

"I am going to buy out Mr. Knaupp to-night. He is discouraged, does not care to bother with the store any more. He sells it to me at twenty-five per cent below cost price on shoes and furnishing goods, thirty per cent off on hats and caps, thirty per cent on fixtures. He takes $5,000 in S. S. Company stock, balance cash furnished by C. Scovern. He takes part of it. I wish you would tell Ma to let me have that stock she has as security. . . . Tell her I will secure her in another way just to let me have it for a short time. My note is just as good without it, especially for this debt. I must have the stock, so send it up at once, cancel my name on back of it before you mail it.

(Signed.) "A. ZUENDT."

Plaintiff testified that after receiving the letter from her husband she saw her mother, told her of its contents and got the twenty shares of stock and sent them to her husband.

Mrs. Weber testified, in substance, as follows:

"After getting the letter, Mrs. Zuendt asked Mrs. Doerner for the shares of stock. My mother refused to give them to her unless she had something else to secure her on the note. She consented to turn the stock over to her if she would sign the note. Mother went to the safe deposit and got the note and shares of stock and I went with my sister to my mother's house. Mrs. Zuendt signed the note and the stock was turned over to her. She sent the stock to her husband, and my mother got the note."

In respect to the transaction, defendant testified as follows: That she received the note of July 8, 1895, and the collateral. The note was then signed by Adelbert Zuendt. About a year later, her daughter, the plaintiff, Emilie Zuendt, asked her for the stock and she demanded her signature to the note. That at her house, No. 2950 Dickson street, in the city of St. Louis, in her presence and in that of her daughter, Alvina Weber,

Mrs. Zuendt signed the note and she (Mrs. Doerner) thereupon delivered to her the shares of stock.

The court gave the following instructions for defendant:

"Under the pleadings and evidence in the case at bar, an inquiry into the title or ownership of the note given by Adelbert Zuendt to Louise Seitz, is not admissible.

"If the court finds from the evidence that the defendant had possession of the note given by Adelbert Zuendt to Louise Seitz and surrendered same to him upon the execution and delivery to her of the note in suit, then the surrender of the earlier note was a valuable consideration for the execution of the note in suit.

"Although the court may find that the note recited in defendant's counterclaim was executed and delivered by plaintiff's husband in July, 1895, and that plaintiff did not sign it until a year or more afterwards, yet if the court finds from the evidence that at plaintiff's request and in consideration of her signature to the note, defendant surrendered the shares of stock pledged as collateral security for the payment of the note, then the execution of the note by the plaintiff is founded upon a valuable consideration."

The court refused instructions asked by the plaintiff to the effect that if the facts were as herein set forth, defendant could not recover on her counterclaim.

The finding and judgment were for the defendant on the counterclaim for the balance due on the note, after deducting the $350 due plaintiff for rent.   Plaintiff appealed.

*R. P. & C. B. Williams* for appellant.

(1)   The payment of a debt due to a deceased person's estate, to anyone but a legally constituted administrator, will not protect the debtor against the demand

of such representative. Craslin v. Baker, 8 Mo. 437; Hastings v. Meyers, 21 Mo. 519; Bartlett v. Hyde, 3 Mo. 490; State v. Moore, 18 Mo. App. 406; Woerner on Administration, page 431, and citations. (2) The title to the personal property of a decedent descends to and vests in the administrator, and the heirs can acquire no title thereto until such property has passed through administration. Green v. Tittman, 124 Mo. 372; Leaky v. Maupin, 10 Mo. 368; State ex rel. v. Moore, 18 Mo. App. 406; Smith v. Denny, 37 Mo. 20; McMillen v. Wacker, 57 Mo. App. 220; Griswold v. Mattix, 21 Mo. App. 262; Grand Lodge v. Dister, 77 Mo. App. 608; Adey v. Adey, 58 Mo. App. 408; Becraft v. Lewis, 41 Mo. App. 546; Hannenkamp v. Borgemeier, 32 Mo. 569; Rouggley v. Teickman, 10 Mo. App. 257. (3) A note given in renewal of one which is without consideration, has no consideration to support it. Smith v. Taylor, 39 Maine 242; 1 Randolph on Commercial Paper, sec. 460; Hynds v. Hayes, 25 Ind. 31.

*Kehr & Tittmann* for respondent.

(1) The surrender of the shares of stock was a full and valuable consideration for plaintiff's signature to the note. Plaintiff requested and accepted the surrender of the collaterals and in consideration of their surrender she signed and redelivered to the defendant the note in suit. She thereby promised to pay the note according to its tenor, and for such promise received the twenty shares of stock. (2) The execution and redelivery of the note by the plaintiff to the defendant, in June, 1896, being supported by a valuable consideration, defendant's right to enforce payment of the note is complete and perfect. (3) Possession and surrender of the old note to the maker is sufficient consideration for the new note. Meyers v. Van Wagoner, 56 Mo. 115; Hobson v. Hassett, 76 Cal. 203; Wilton v. Eton, 127 Mass. 174-5; Osborne v. Doherty, 38 Minn. 430-1; Hayes v. Mestaniz, 9 Misc. 705.

BLAND, P. J.—1. The evidence in the record is insufficient to show that defendant acquired title to the note of March 4, 1892, from her mother, Mrs. Seitz, the payee, and if the administrator of the estate of Mrs. Seitz was a party to this suit contesting the right of defendant to the note of July 8, 1895, given in place of the note of March 4, 1892, quite a different question would be presented for decision from the one that is before us.

Charles Seitz, the son of Louise Seitz, administered on the estate of his mother and had closed the administration by a final settlement before this suit was commenced. It can not be contended that he did not know of the existence of the note of March 4, 1892, during the time he was administering on the estate of his mother, and did not know that his sister (the defendant) had possession of it claiming it as her property. The close kinship of all the parties and their intimate relations with each other forbid any such inference. The evidence shows that Adelbert Zeundt, the maker of the note, was told by his wife that defendant had the note and that he would in all probability have to pay it to her. With full knowledge of all the facts, and after final settlement of the estate of Mrs. Seitz had been made, he took up the note of March 4, 1892, by giving the one sued on and by the payment of $100, the difference in the principals of the two notes, to defendant. From these facts it is fairly inferable that it was understood among all the parties in interest that the note of March 4, 1892, should be the property of the defendant as a part or whole of her distributive share of the estate of her mother; if so, then she was at the least the equitable owner of the note. Richardson v. Cole, 160 Mo. 372, which in effect overrules Adey v. Adey, 58 Mo. App. 408, relied on by plaintiff. But whether this be true or not, the plaintiff and her husband by their conduct and dealings with defendant have recognized her as the owner of the note and induced her to part with

it and the twenty shares of shoe stock pledged as collateral security for its payment, and to take in their place the note sued on by the counterclaim.    Plaintiff, by such conduct on her part, and the maker of the note, Adelbert Zuendt, are estopped to deny defendant's title to the note.    Reynolds v. Kroff, 144 Mo. 433; State ex rel. v. Branch, 151 Mo. 622; Pitman v. Mining Co., 78 Mo. App. 438.

2.    In respect to the plea of want of consideration, the evidence is all one way that the note of March 4, 1892, was surrendered up and cancelled in consideration of the new note and Zuendt's check or draft for $100 to make up the difference between the two.    The surrender and cancellation of the old note was a good and sufficient consideration for the giving of the new one in lieu thereof.    Meyers v. Van Wagoner, 56 Mo. 115; Siemans & Halske Electric Co. v. Ten Broek, 70 S. W. (Mo. App.) 1092.

In Wilson v. Eaton, 127 Mass. 174, the defendant, Annie Eaton, administered on her husband's estate in 1871.    On July 9, 1873, she filed her final account as administratrix, which was allowed by the probate court and by which it appeared that the estate was solvent and that after the payments of debts she had paid the next of kin their distributive shares thereof.    No new assets afterwards came into her hands.    Sometime in 1875, the plaintiff produced a promissory note for $1,000, dated January, 1867, payable on demand and signed by the intestate (Mrs. Eaton's husband) and given by him to plaintiff for money loaned, and requested the defendant to pay the same.    There were various indorsements of interest on the back of the note, and the following in the handwriting of plaintiff:    "Received payment in full upon the within."    This indorsement was made by the plaintiff at the time he gave Eaton's note to the defendant and took the note in suit in exchange therefor.    The only consideration for the note was the surrender to the defendant of the note of the

intestate for the note in suit. It was held the surrender of the former note, whether that note was at the time of the surrender capable or incapable of being enforced at law, was sufficient to constitute a consideration for the new note.

In Hobson v. Hassett, 76 Cal. 203, it was held that the cancellation and surrender of the note of a corporation was a sufficient consideration to support a renewal note executed by its president in his individual name.

In Osborne & Co. v. Doherty, 38 Minn. 430, it was held that the note of the defendant, executed and delivered by her to her husband's creditor upon an agreement, which was carried out, that said creditor should surrender her husband's past due paper, was a sufficient consideration for her obligation.

The surrender of the twenty shares of shoe stock of the par value of $2,000, hypothecated as security for the payment of the note, furnished a good consideration for the signature of plaintiff to the note as surety to her husband.

The judgment is affirmed. All concur.