ZIMBELMAN & OTIS, Appellees, v. R. L. FINNEGAN, Appellant.

**Bill and notes:** CONSIDERATION : DIRECTION OF VERDICT. A promissory note imports a consideration, and where there was no evidence of want of consideration and plaintiff had shown that defendant executed and delivered the note as his individual obligation, the question of his liability was for the jury.

**Same:** PLEADING. The plaintiff in suing upon a note is not required to plead a consideration for the instrument; nor is he required to state it in reply to defendant's plea of want of consideration.

**Same:** EXECUTION : AGREEMENT OF PARTIES. An agreement between the parties that it was not to become binding on the maker until signed by others must be mutual, for if the agreement was that of one only it would not bind the other.

**Bills and notes:** CONSIDERATION. Extension of time of payment to the principal debtor; acceptance of a note as security for a debt or forbearance to sue upon present claims; or a note given for the debt of another with an agreement express or implied to extend the time of payment is sufficient consideration for the note; so that where a park association purchased lumber of plaintiff and being unable to pay, the defendant, a stockholder and secretary of the association, gave his note therefor payable in one year, either as his individual obligation or to be signed by other stockholders also, and thereafter

the association was not regarded as a debtor, or, if a debtor, the time of payment was extended, the note was supported by a consideration.

**Same:** STATUTE OF FRAUDS.  Where a promissory note was executed in consideration of the extension of the time of payment of the debt of another,. and the only question in dispute was the sufficiency of the consideration, the statute of frauds was not involved.

**Same:** EXTENSION OF PAYMENT: IMPLIED AGREEMENT.  The circumstances in the instant case are held sufficient to support an implied agreement by the creditor to extend the time of payment of the debt of another upon the execution and delivery of the note in suit.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

THURSDAY, NOVEMBER 19, 1908.

REHEARING DENIED SATURDAY, FEBRUARY 20, 1909.

ACTION at law upon a promissory note.  Defenses, want of consideration, and some other matters, which will be noticed in the body of the opinion.  Trial to a jury, verdict and judgment for plaintiffs, and defendant appeals. —*Affirmed.*

*Dyer & Hull,* for appellant.

*G. W. Crooks* and *Harpel, Creighton & Cederquist,* for appellees.

DEEMER, J.—The action is upon a promissory note for $749.12, dated November 27, 1903, due on or before one year after date, drawing 8 percent interest, payable to plaintiff and signed by defendant.  There was a credit thereon, under date April 17, 1905, of $280, received for the sale of a building and fence.  Defendant averred that

it was never delivered with intent to make it a binding obligation, that others were to sign before it was to become effective, and that there was no consideration for the note. These were the issues upon which the case was submitted, with the result above indicated. At the conclusion of plaintiff's evidence defendant moved for a directed verdict. This motion was overruled, and of this complaint is made. It is also contended that the verdict is without support in the evidence, and some of the instructions are challenged.

The argument has taken a rather wide range, and much is said in the briefs regarding the statute of frauds which we do not think is in any manner involved. The testimony tended to show the following with reference to the execution of the notes: Plaintiff is a copartnership, engaged in the retail lumber business at the city of Boone, and defendant was a stockholder and the secretary of what was known as the "South Side Driving Park Association" in said city. As such officer he ordered a bill of lumber from plaintiff for the driving park association, which bill was delivered to the association. The amount of this bill was $749.12. After the bill was furnished, one of the members of plaintiff firm called on defendant to pay the bill. Defendant said there was no funds with which to pay it, and plaintiff then insisted that defendant make his note for the amount of the lumber bill. The note in suit was accordingly drawn up, signed by defendant, and delivered to Zimbleman, a member of the plaintiff firm. It was then suggested, by one or the other of the parties, that other stockholders of the driving park association should sign the note, and the testimony on the part of the plaintiff is that defendant was to procure the signatures. Zimbleman secured the note from defendant in order to straighten out the account, as he (Zimbleman) was about to leave the State to be gone several months. The note, after delivery to Zimbleman, was left with Otis,

the other member of the firm, and defendant was told that he might procure it at any time from Otis to get such signatures as he (defendant) desired to have with him on the note. Finnegan got the note from Otis to obtain other signatures, and it remained with him for about four months. Not having been returned, Otis went to defendant about it, asked if he had obtained the other signatures, and, being informed that he had not, claims that defendant then surrendered the note as his independent obligation. After the note was executed defendant on several occasions asked for time on the note, hoping that the driving park association would be able to pay the bill, but it never became able to do so, and just before the expiration of the time for foreclosing the mechanic's lien, plaintiff demanded payment of the note, and it was then agreed that the mechanic's lien should be foreclosed, and the amount realized thereon credited upon defendant's note. This was done, and the credit appearing upon the back of the note represents the net amount realized on the foreclosure.

Defendant introduced testimony to the effect that the note was not to be binding as his sole and individual obligation, but that the agreement was that the note should be signed by all the stockholders of the driving park association, some ten or twelve in number, before it would be binding, and that he (defendant) was simply "to start the note out"; that the note was never signed as agreed, and never became a binding obligation. He further testified that he received no part of the consideration for the note, although he admits that he signed the same because of Zimbleman's statement to him that the driving park association account had to be fixed up. In substance, this is the material evidence in the case, and in view thereof the trial court gave the following instructions to the jury:

If you believe from the evidence that the defendant delivered the note in suit to plaintiff, under an agreement that he was signing the same as one of the stockholders of the South Side Driving Park Association, and that the same was to become binding only upon condition that other stockholders of said association should sign the same, then plaintiff can not recover in this case. Or if you believe from the evidence that there was no consideration for said note, then the plaintiff can not recover. The only claim of consideration in the pleadings is that said note was given for the purpose of securing an extension of time for the South Side Driving Park Association, and you are told that, if this was the consideration, it was sufficient. The note, being a written instrument, and in the possession of plaintiff, purports a delivery and a con-- sideration, and the burden is upon the defendant to show, by a preponderance of the evidence, either that there was no delivery or no consideration. On the other hand, if you believe that the defendant was a stockholder and officer of the South Side Driving Park Association, and that said association was without funds, and in order to extend the time of payment of said claim, and prevent the plaintiffs from immediately enforcing their claim against the South Side Driving Park Association, the defendant delivered the note to the plaintiffs, intending the same as his obligation, but that it was understood and agreed that the defendant might have the privilege of securing other names to share the liability, then the note would be a binding obligation upon him, and the plaintiff would be entitled to recover. You are told that if the defendant delivered the note to the plaintiffs without an agreement that other names should be secured to the same before it should be binding, then the law presumes he intended it as his own obligation.

Contention is made that the trial court was in error in not sustaining defendant's motion for a directed verdict. At the time this motion was filed plaintiff had introduced the note, and had also shown that it had been delivered as defendant's individual obligation. The note being in writing, a consideration was imported; and, in

the absence of proof from defendant, the case should have gone to a jury upon the testimony then adduced. The only witness offered down to that time testified that defendant delivered the note as his independent obligation.

1. BILLS AND NOTES: consideration: direction of verdict.

There was no error in overruling the motion to direct a verdict for defendant.

II. The fifth and sixth instructions above quoted are challenged. Of the fifth it is said that there is no basis for it, either in the pleading or the evidence. Plaintiff was not required, in the first instance, to plead any consideration for the note. That was presumed. In response to defendant's plea of no consideration plaintiff was not bound to state the consideration There was, as we have seen, evidence as to a consideration for the note. There is no justification for the claim that defendant's view of the case was not presented to the jury by this fifth instruction.

2. SAME: pleading.

The sixth instruction is challenged because it omits to state that, if the parties understood the note was not to become binding upon defendant until others signed, it would not be a valid obligation. There is no merit in this position. If there was an understanding it must have been based upon an agreement of the parties, and if there was an understanding by either not based upon an agreement, it would not be binding upon the other.

3. SAME: execution: agreement of parties.

III. Next it is argued that the verdict is without support in the testimony. From the testimony already quoted it was manifestly a question for the jury to determine whether or not the note should become a binding obligation until others had signed with the defendant. On that issue there was a finding for the plaintiff, and it is not our province to interfere.

The most troublesome question in the case is the issue of want of consideration for the note. That an ex-

tension of time to the principal debtor is a sufficient consideration is well established. The receipt of a note as security for a debt or forbearance to sue upon a present claim or debt, or the giving of an extension of time to an imputed debtor, will be sufficient to enforce the maker's obligation. Daniel, Negotiable Instruments, section 183; *Wormer v. Waterloo Works,* 50 Iowa, 262. And so if goods be furnished by A. to B. at the request of C., it is a good consideration for a note of C. to A. *Atherton v. Marcy,* 59 Iowa, 651. Moreover, a debt due from a third person is a good consideration for a note from a maker to the creditor, provided there was either an express or implied agreement for an extension of time. *Mansfield v. Corbin,* 2 Cush. (Mass.) 151. An agreement will be implied if the debt is then due, and the note is made payable at a future day. *Thompson v. Gray,* 63 Me. 228; *Fulton v. Loughlin,* 118 Ind. 288 (20 N. E. 796); *Yeatman v. Mattison,* 59 Ala. 382. Now the evidence shows without any dispute that, when the lumber was delivered pursuant to a sale, which was presumptively for cash, the driving park association had nothing wherewith to pay the account, and that to settle and adjust the same the note in suit was made, either as the obligation of defendant alone, or to be signed by others, that this note was due on or before one year from date, thus giving defendant one year at his option to pay the same, and that thereafter the driving park association was not regarded as a debtor, or, if a debtor, the time for the payment of its account was extended. Under well-known rules this constituted a sufficient consideration for the note.

4. BILLS AND NOTES: consideration.

Defendant's counsel has much to say in this connection regarding the statute of frauds, which, as we have already indicated, is not regarded as germane. The promise here is in writing, is admitted by defendant, and is not within

5. SAME: statute of frauds.

the statute of frauds. The only questions involved were those submitted by the trial court in its instructions.

Appellant's counsel argue, however, that there is no testimony to sustain the claim that the time for the payment of the lumber bill was extended, and they cite, and rely with great confidence upon, *J. H. Queal & Co. v. Peterson,* 138 Iowa, 514. But that case is not controlling. It does not hold that an agreement to forbear may not be implied from circumstances. It is authority simply for the proposition that from forbearance alone without more an agreement to forbear will not be implied. But that there may be an implied agreement from such circumstances as are shown in this case is abundantly established by the authorities. See those heretofore cited, and *Boyd v. Freize,* 5 Gray (Mass.) 553. It is important, in this connection, to remember defendant's relations to the driving park association, and that he in fact placed the order for the lumber, and at various times secured an extension of the time for the payment of the bill. There was enough testimony to support the verdict, and we discover no error.

6. SAME: extension of payment: implied agreement.

The judgment must therefore be, and it is, *affirmed.*