A. P. DORRIS, Respondent, v. JOHN H. CRONAN et al., Appellants.

Springfield Court of Appeals, July 7, 1910.

1. **BILLS AND NOTES: Consideration.** The surrender of one note is good consideration for the making of another.

2. ————: **Accommodation: Indorsers.** In a suit on a promissory note the defendants claimed that they were merely accommodation indorsers to enable plaintiff to borrow the money from the bank. The evidence is examined and held sufficient to show that defendants were joint makers, that the consideration for the note was the surrender of another note owned by plaintiff and that plaintiff was entitled to recover.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*McKay & Corbett* and *Shepard & Shepard* for appellants.

*Duncan & Bragg* for respondent.

NIXON, P. J.—This suit was commenced in the circuit court of Pemiscot county on the 16th of October, 1907, to recover the sum of two thousand dollars and interest, the indebtedness being evidenced by a note for that amount, dated May 9, 1904, due six months after

date, bearing interest, and payable to the bank of Hayti, signed by the Little River Lumber Company, as principal, and the defendants as securities and indorsed by the plaintiff.

The answer of the defendants is as follows: (Caption omitted.)

"Now on this day come the defendants in the above entitled cause and for answer to plaintiff's amended petition deny generally each and every allegation therein contained, and pray judgment that they ' go hence, and for costs.

"And for another and further answer and defense to plaintiff's said cause of action, defendants admit that the Little River Lumber Company, a corporation, made the note mentioned in plaintiff's petition, and that said note was signed by these defendants as sureties and that said note was indorsed by plaintiff, and that said note was cashed by the Bank of Hayti. But the defendants aver the fact to be that said note was made at the instance and request of plaintiff, and for his special benefit; that the money so paid on said note by the Bank of Hayti was paid to plaintiff, and by him used in his own private business; that the said Little River Lumber Company, nor these defendants, never received any part of said money so received on said note; and that in truth and reality the Little River Lumber Company and these defendants were indorsers for plaintiff, instead of plaintiff being indorser for them, and that when plaintiff paid said note to the Bank of Hayti, he was but paying his own debt and obligation to said bank. . . . ."

The debt originated by plaintiff borrowing two thousand dollars from one Bluthenthal of Memphis, Tenn., and giving his own personal note dated February ——, 1903, due twelve months after date. The money plaintiff received upon this note he loaned to the Little River Lumber Company of which he was at that time a stockholder. The defendants, John H. Cronan and John S. Sturm, were president and secretary respectively of said

company. This loan was evidenced by a note from the Little River Lumber Company to the plaintiff. In November, 1903, prior to the maturity of the Bluthenthal note, the plaintiff sold his interest in the Little River Lumber Company to the defendant Cronan and moved to Harrisburg, Ill. In February, 1904, the note from plaintiff to Bluthenthal matured and plaintiff was forced to pay it. Not being able to get a settlement on the note he had taken from the Little River Lumber Company, in May following he went back to Pemiscot county to collect the same. The Little River Lumber Company not being financially able to pay the plaintiff the $2000 note it owed him, arrangements were made to borrow the money from the Bank of Hayti and thereby enable the Little River Lumber Company to pay the plaintiff the note it owed him. This was done by the Little River Lumber Company executing its note for two thousand dollars with the defendants as joint makers and the plaintiff as indorser, which note is as follows:

"$2000.                    "Hayti, Mo., May 9, 1904.

"Six months after date, for value received, I, we, or either of us, promise to pay to the order of the Bank of Hayti, Two Thousand Dollars, at the Bank of Hayti, Hayti, Mo., with interest at the rate of eight per cent per annum from maturity until paid. The makers and indorsers of this note hereby severally waive presentment of payment, notice of non-payment and protest, and authorize extension of time by payment of interest.

"LITTLE RIVER LUMBER CO.,
"By JOHN H. CRONAN, Prest.
"JOHN H. CRONAN,
"JOHN S. STURM,
"JETTIE L. STURM.

"Due Nov. 9, '04. P. O.
"2262."

Said note is indorsed: "A. P. Dorris."

At the time this note was executed and delivered, the plaintiff—according to his testimony—turned over to the defendants, as officers of the Little River Lumber Company, the original note previously executed to him for two thousand dollars by the Little River Lumber Company. Six months later, the note of May 9, 1904, to the Bank of Hayti matured, and the Little River Lumber Company, having failed to pay it, demand was made upon plaintiff as indorser and he was compelled to pay the bank.

The present action was tried by the court sitting without a jury. No declarations of law were asked on either side, but the issues were submitted to the court and the finding was for the plaintiff for the amount of the note, principal and interest, from which the defendants have appealed.

Appellants contend that the note was without consideration and void. The undisputed testimony of the plaintiff is that at the time the note sued upon was given, he surrendered a note for two thousand dollars which the Little River Lumber Company had executed to him. This was a sufficient consideration. It hardly requires a citation of authorities to show that the surrender by the plaintiff of his note of two thousand dollars, which the Little River Lumber Company had executed to him was a sufficient consideration in law for the execution of the note by the defendants to the Bank of Hayti. The surrender of a note is a good consideration for the making of another. [Zuendt v. Doerner, 101 Mo. App. 535, 73 S. W. 873; Meyers v. Van Wagoner, 56 Mo. 115; Brainerd v. Capelle, 31 Mo. 428.]

Under the evidence disclosed by the plaintiff's testimony, the defendants were not accommodation indorsers for the plaintiff, but were joint makers with the Little River Lumber Company; and while the plaintiff may have arranged with the Bank of Hayti for the execution of the note for two thousand dollars by the Little River Lumber Company with the defendants as its sure-

ties, there is no substantial evidence to show that the defendants were accommodation makers of such note for the plaintiff.

The judgment was for the right party and is affirmed.  All concur.