FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO, Appellant, v. MARY CUTHBERT et al., Appellees; MARY CUTHBERT et al., Interveners; LENA J. CHAMPENY et al., Cross-appellants.

No. 41523.

FEBRUARY 14, 1933.

Whitney, Whitney & Stern, for appellants.

D. Van Donselaar, White & White and E. M. Duroe, for Lena J. Champeny, defendant, and P. F. Verzani, intervener.

E. M. Duroe, for First National Bank, intervener, appellee.

George A. Heald, Jr., for Mary Cuthbert, appellee.

■ KINTZINGER, J.—There was no dispute as to plaintiff's right to a foreclosure and to judgment for the full amount rendered, except as to $1,062.50 for one semiannual installment which the defendant Lena J. Champeny claimed to have advanced after it became due, on the express condition that the mortgage be extended to December 1, 1931. We will take up this branch of the litigation first.

I. On the 23rd day of October, 1926, Mary Cuthbert and others, as the owners of the real estate in question, executed a note secured by a mortgage on said real estate to the plaintiff in the sum of $34,000, payable in semiannual installments of $1,062.50. A failure to pay any installment or taxes when due authorized holder to declare it due, without notice. The semiannual installment due May 1, 1931, and the taxes for 1930 had not been paid.

After execution of the note and mortgage, defendants Mary Cuthbert and others sold the real estate in question to the defendant Lena J. Champeny. Said grantee, however, did not assume payment of the note and mortgage in question, although her title was necessarily subject to the lien of the mortgage.

On May 7, 1931, after a semiannual installment and the taxes for 1930 had become delinquent, defendant Lena J. Champeny, through her attorney and agent, Van Donselaar, sent a check of $1,064.00 to cover the semiannual installment due May 1, 1931, to the plaintiff, enclosed in a letter as follows:

"First Trust Joint Stock Land Bank,                    May 7, 1931.
    "Chicago, Illinois.
"Gentlemen: I am sending you herewith in behalf of Mrs. Champeny, $1064.00 being my check .of this date in the aforesaid sum. This is for the May 1st, 1931, installment, together with interest in the sum of $1.50 from May 1, 1931, on said loan.

"I am sending you this with the understanding that this places the loan in good standing with you and that you will grant us until next November to pay the taxes on the premises. This check must be accepted by you on such conditions.

"I talked to Mr. Merrill at Storm Lake relative to this matter and I presume he has written you.
                              "Yours very truly,
                              "[Signed] D. Van Donselaar."

The check enclosed in this letter was as follows:

"Woodbury County Savings Bank.    Sioux City,
    "May 7, 1931.
"Pay to the Order of First Trust Joint Stock Land Bank,
Ten Hundred Sixty-four and no/100 Dollars — .$1064.00
As per letter of this date.
    "[Signed]  D. Van Donselaar."

The endorsements appearing on this check show that it was cashed by the plaintiff on May 9, 1931, and marked paid May 11, 1931. The defendant's attorney, Van Donselaar, thereafter received a reply from the plaintiffs dated May 20, 1931, in which they say:

"We acknowledge receipt of your check for $1064.00, which when paid will be applied on the May 1, 1931, amortization installment in the above loan.

"We note that you desire an extension to November 1st, within which time to pay the taxes, and Mr. Merrill has recommended that we grant this extension. This is satisfactory, providing that you assign to this bank, as additional security for the payment of taxes, the 1931 lease on the property.
    "[Signed]  W. L. Cohrs,
        "Assistant  Treasurer."

On May 30th, Mr. Van Donselaar sent plaintiff the following reply:

"Replying to your letter of the 20th inst. relative to the Cuthbert loan your No. VX 5364, will say that we are not in a position to assign any leases.

"My bank informs me you have cashed the check sent you and if you do not wish to accept the check and grant us until next fall * * * including November to pay the taxes without a foreclosure, kindly return to me at once the amount sent you.

"This was the condition upon which the check was sent you and was the condition under which I was permitted to remit to you, and unless you wish to wait until tax sale next fall or thereafter to foreclose, in the event that should become necessary, return to me at once the $1064.00 sent you.
    "Yours very truly,
        "[Signed]  D. Van Donselaar, Attorney."

This letter was enclosed in an envelope duly addressed, stamped and mailed to plaintiff at Chicago by Mr. Van Donselaar himself.

The plaintiff claims this letter was never received. Mrs. Champeny's attorney never received any reply thereto, and assumed that the check forwarded by him had been accepted on those conditions.

From the evidence offered on this point, plaintiff's witnesses admitted the letter may have been received by some other employee of the company. At any rate, the finding of the lower court was, and the finding of this court is, that said letter was received by the plaintiff.

From this testimony, it is claimed by Mrs. Champeny that the money forwarded upon the conditions shown, constituted an implied agreement on the part of the plaintiff to accept the money in payment of the installment, as of May 1, 1931, and as such constituted an agreement not to commence foreclosure proceedings, if necessary, before December 1, 1931.

Plaintiff contends that if such a condition had been imposed, and though an implied contract was created by the acceptance thereof, the promise of an extension was without consideration and void, because the defendant Lena Champeny, as owner of the premises, was legally bound to pay the semiannual installment when due.

Such a contention is based upon the rule that an agreement to extend time of payment would be without consideration, if the party making the payment was under a legal obligation to pay the same. In other words, *if* the defendant Champeny was legally obligated to pay said semiannual installment due May 1st, then a promise on the part of the plaintiff to extend the time of payment would not be a good consideration for the promise of defendant to make such payment later, and would be null and void, and the amount so paid could not be recovered. Such is the rule. See Ayres v. C. R. I. & P. R. Co., 52 Iowa 478; Eastman v. Miller, 113 Iowa 404; City of Newton v. C. R. I. & P. Ry. Co., 66 Iowa 422; Runkle & Fouse v. Kettering, 127 Iowa 6; Barringer v. Ryder, 119 Iowa 121; Pence v. Adams, 116 Iowa 462.

Plaintiff's contention in this respect would be correct if the money paid was due upon a personal obligation assumed by her, plaintiff's theory being that an agreement to perform a legal duty and nothing more is not a good consideration for an agreement to extend the time of bringing suit. The foregoing rule is correct, but the defendant Champeny contends that she was not legally bound to pay this semiannual installment.

It is conceded that she did not assume the mortgage existing

upon the real estate at the time is was purchased by her. If she did not assume to pay this mortgage, a personal judgment could not be rendered against her. The payment of this installment was made upon the express condition that foreclosure proceedings be delayed until fall, if necessary. She contends that, the plaintiff having accepted and cashed the check for the semiannual payment, and having retained the same upon the express condition set out in the letter enclosing the check, an implied agreement was entered into by the plaintiff under which no foreclosure proceedings would be commenced before the first day of December, 1931. The receipt and retention of this money by the plaintiff upon those conditions constituted an implied agreement based upon a good and valuable consideration.

It is the settled law of this state that the payment made by one not personally liable on an obligation, on condition that the terms of the obligation be altered, is a sufficient consideration for an agreement to alter the same. Marshall v. Bullard, 114 Iowa 462; Merchant v. O'Rourke, 111 Iowa 351; Heffelfinger v. Hummel, 90 Iowa 311; Illinois Central Ry. Co. v. Waterloo, Cedar Falls & Northern Ry. Co., 182 Iowa 550; Atherton & Ricker v. Marcy, 59 Iowa 650.

A note given upon a promise or an implied promise to extend the time of an existing debt or obligation is founded upon a sufficient consideration. Atherton & Ricker v. Marcy, 59 Iowa 650; Zimbelman v. Finnegan, 141 Iowa 358; McAtee v. Shade, 185 Fed. 442; Mohn v. Mohn, 181 Iowa 119.

A creditor, if he extends the time for the payment of the debt, gives up a right, and so furnishes a consideration for an additional promise to pay by the debtor. Clark on Contracts (4th Ed.), p. 167 and 168) ; 1 Daniel on Negotiable Instruments (6th Ed.), Sec. 183; First State Bank of Corwith v. Williams, 143 Iowa 177, 23 L. R. A. (N. S.) 1234; Wormer v. Waterloo Works, 50 Iowa 262.

In Zimbelman v. Finnegan, 141 Iowa 358, 1. c. 363 and 364, the court said:

"That an extension of time to the principal debtor is a sufficient consideration is well established. The receipt of a note as security for a debt or forbearance to sue upon a present claim or debt, or the giving of an extension of time to an imputed debtor, will be sufficient to enforce the maker's obligation. Daniel on Negotiable Instruments, Section 183; Wormer v. Waterloo Works, 50 Iowa 262.

\* \* \* Atherton v. Marcy, 59 Iowa 651. Moreover, a debt due from a third person is a good consideration for a note from a maker to the creditor, provided there was either an express or implied agreement for an extension of time. Mansfield v. Corbin, 2 Cush. (Mass.) 151. An agreement will be implied if the debt is then due, and the note is made payable at a future day."

It was the holding of the lower court and it is the holding of this court that the receipt and retention by the plaintiff of the semi-annual installment due May 1, 1931, paid by the defendant Champeny, May 7, 1931, upon the express condition that foreclosure proceedings would not be started before December 1, 1931, constituted an implied contract on the part of the plaintiff to forego foreclosure proceedings until that time.

In this action, plaintiff secured a judgment against the defendant Mary Cuthbert for the full amount due on the original note and mortgage. Special execution issued on the judgment, and the real estate sold. The sale was for less than the amount of the judgment, but the plaintiff took a deficiency judgment for the balance of the judgment not covered by the sale.

It is also claimed that plaintiff cannot be permitted to retain the benefit of the judgment for the entire obligation and at the same time retain the $1,062.50 received as a partial payment. It would be inequitable to permit the plaintiff to retain the benefit of a judgment on the entire obligation and not be required to repay the money received by him from the defendant Champeny. Reiger v. Turley, 151 Iowa 491, l. c. 503; Anglo-Am. L. M. & A. Co. v. Bush, 84 Iowa 272; Reichelt v. Seal, 76 Iowa 275; County of Buena Vista v. I. F. & S. C. R. Co., 55 Iowa 157.

It is also our finding that the defendant Champeny was not obligated to make this payment, and that its payment on these conditions constituted a good consideration for the implied agreement on the part of the plaintiff to forego foreclosure proceedings as claimed.

It was the finding of the lower court, and it is the finding of this court, that the defendant Lena J. Champeny was not legally obligated to pay the balance due on the mortgage; consequently she was not legally obligated to pay any of the semiannual installments provided for in said mortgage. The mere fact that it would be necessary for her to pay all necessary semiannual installments if she

desired to retain title to the real estate in question cannot be transposed into an agreement on her part to assume the payment of the mortgage, so as to enable the plaintiff or its assigns to secure a personal judgment against her. If, therefore, she was not legally bound to make such payments, it was her privilege not to do so, and forfeit her right to the land. Therefore, if she did make the payment in question upon the express condition that it was made with the understanding that foreclosure proceedings would not be commenced until after November, 1931, then an implied agreement arising out of an acceptance of such payment by the plaintiff on such condition would be a good consideration for the payment. If such agreement was not carried out by the plaintiff, she was entitled to a rescission of the contract and a repayment of the money.

It was the finding of the lower court, and it is the finding of this court, that the defendant Champeny was, under the circumstances herein disclosed, entitled to a judgment against the plaintiff for the repayment of this money. The judgment of the trial court in awarding judgment to the defendant Champeny for the amount of the semiannual installment, with interest, paid by her on May 7, 1931, is correct, and that part of the judgment is hereby affirmed.

II. The next question for determination is the right of the First National Bank of Sioux Rapids to the rents of the real estate included in the lease and notes assigned and held by said bank prior to the commencement of the foreclosure proceedings herein. It is undisputed, in the record in this case, that the defendant Lena J. Champeny on December 10, 1930, leased part of the premises involved in this action to Luther Evans and wife, by a written lease for $2,300; that the lease and notes were purchased by the First National Bank of Sioux Rapids on December 15, 1931, and several months prior to the commencement of the foreclosure proceedings instituted by plaintiff herein on September 15, 1931. Said First National Bank by petition of intervention resisted the appointment of a receiver for the collection of the rents of 1931 under the lease purchased by them. This lease was for the period of from the 2nd day of March, 1931, to the 28th day of February, 1932. It is shown without dispute that this lease and rent notes were purchased by said First National Bank of Sioux Rapids prior to the commencement of the foreclosure proceedings filed by the plaintiff in this case. Under the law announced in similar cases by this court, such a claim has priority over the rights of a mortgagee with a receiver-

ship clause, provided such rights were acquired before the commencement of foreclosure proceedings. Smith v. Cushatt, 199 Iowa 690; Hakes v. North, 199 Iowa 995; King v. Good, 205 Iowa 1203; Hatcher v. Forbes, 202 Iowa 64; John Hancock Ins. Co. v. Linnan, 205 Iowa 176; Ferguson v. White, 213 Iowa 1053. It is, therefore, the holding of this court that the receivership on the property involved in the First National Bank's lease and notes for the rents of 1931 is superior to the rights of the plaintiff under its mortgage.

In the case of Hatcher v. Forbes, 202 Iowa 64, l. c. 66, this court said:

"It is clear that Melson, as holder of the legal title, had the right to dispose of the rents and profits, without being liable to account therefor to the mortgagee. The rights of the mortgagee thereto did not arise until the foreclosure action was instituted. Whiteside v. Morris, 197 Iowa 211; First Nat. Bank v. Security Tr. and Sav. Bank, 191 Iowa 842; Cooper v. Marsh, 201 Iowa 1262. * * * It is said in Smith v. Cushatt, 199 Iowa 690: 'The mortgagor had a right to so rent his land and to receive the rent in advance. * * * The receiver may be entitled to the rents and profits of the land, as against the mortgagors; but he is not entitled to them as against one who has, in good faith, acquired from the mortgagors, and paid for, the use of the land before any rights of the mortgagee or the receiver attached to the rents and profits.' "

It is, therefore, the holding of this court that the judgment of the trial court in denying a receivership for the plaintiff for the rents of the property included in the lease owned and held by the First National Bank of Sioux Rapids is correct, and that part of the judgment is hereby affirmed.

III. The other question in dispute in this action relates to the right of the intervener Verzani to file a petition of intervention, after the trial of the action had commenced, and after the judgment and decree therein was rendered on a claim for part of the crops for the year 1931, and as owner and holder of a lease on all of the property for the year 1932.

The trial of the foreclosure proceedings and the determination of all issues between the other parties in the case was had on December 22, 1931, and judgment thereon rendered a few days later.

Verzani filed a petition in intervention on March 8, 1932, wherein he claims that in August, 1931, he purchased from Lena J. Cham-

peny her undivided one-half interest in the corn then growing upon that part of the premises in question not leased to the First National Bank of Sioux Rapids. He also claims that on June 6, 1931, he secured a lease from Lena J. Champeny for all of the premises in question for the season of 1932 until the 28th day of February, 1933, and paid the rental therefor, which rights he secured before the commencement of the foreclosure proceedings. The plaintiff filed a motion to dismiss said petition in intervention as being not timely filed. This motion was sustained.

The original action of foreclosure was commenced September 15, 1931. It appears from the evidence that Verzani knew of these foreclosure proceedings all the time. All the other parties had appeared in the action before the time the trial began. The action was tried in the court below, and the following orders were entered:

"Judgment on foreclosure proceedings against Mary Cuthbert and others; judgment in favor of the defendant Lena J. Champeny against the plaintiff for $1062.50 and interest; and a judgment and order in favor of the intervener First National Bank of Sioux Rapids upon its petition in intervention claiming the right to the rents of the property included in its lease for the year 1931 to March 1, 1932."

At that time, there was no petition of intervention on file for and on behalf of said Verzani. After the trial, Van Donselaar, his attorney, asked that Verzani be permitted to file a petition of intervention. This request was not granted, but the matter of the receivership applied for by the plaintiff was continued until after the sale of the property.

The issue on the question of a receivership between First National Bank of Sioux Rapids and the plaintiff was ruled upon after the trial of the action on December 22, 1931, by a holding adverse to plaintiff. The question of receivership as to the First National Bank of Sioux Rapids was not included in the order for continuance because of the holding against the plaintiff denying the bank's right to a receivership for the rents of 1931, claimed by said bank.

All other issues raised by the pleading were disposed of at that time. So also the question of receivership as against the rights of Verzani could and would also have been determined at the time of the trial if his petition of intervention had been filed before the trial was commenced; and if his claim had been sustained, there

would have been no necessity for a receivership at all. In such event there would have been no continuance.

There was no determination of Verzani's claim at that time, because he had no petition on file at the time of the trial. The matter of a receivership as to the plaintiff was naturally continued, as is the ordinary practice in these cases, until after the sale. This is usually done for the purpose of determining the value of the property.

The trial of the case, as above stated, took place on December 22, 1931. The judgment of the court, entered a few days thereafter, on the foreclosure proceedings, also included a determination of the rights of all other litigants in the action, including a question of the application of a receivership as against the First National Bank of Sioux Rapids, and the counterclaim of Lena J. Champeny. These questions were all decided soon after the trial, and long before the Verzani petition was filed. Verzani did not ask for permission to file his petition until after the trial. He did not file his petition in intervention until March 8, 1932. Thereupon the plaintiff filed a motion to dismiss the same on the ground that it was not timely filed. The lower court sustained the motion upon the ground "that it was not in compliance with the statute and no reason nor excuse offered as to why the petition of intervention was not sooner filed." If his petition had been on file before the trial commenced, and if his claim had been established, there would have been no need of a receivership, and the case would have been ended. It necessarily follows that his failure to file the same before trial would have delayed the action if he had been permitted to file his petition in March, 1932.

Code Section 11174 requires petitions in intervention to be filed *before the trial commences.* Section 11175 provides as follows:

"The court shall determine upon the intervention at the same time that the action is decided, and the intervener has no right to delay; * * * ."

We believe that the filing of this petition in intervention would have delayed the trial of this action and should not be permitted. Henry, Lee & Co. v. Cass County Mill & Elev. Co., 42 Iowa 33; Henderson v. Farmers Sav. Bank, 199 Iowa 1156; Ferguson v. White, 213 Iowa 1053; Edwards v. Cosgro, 71 Iowa 296.

Under the statutes and cases above referred to, it is plain that, while a person may become a party to an action by intervening, he

can intervene only during the pendency of the action. He cannot come into the case by intervention after judgment or final order. Counsel for appellant has cited a number of cases supporting their contention authorizing the intervention. Without reviewing these cases, we believe they are not controlling of this case.

Appellees Champeny and Verzani, in their argument, claim that the plaintiff's right to a receivership for the rents of 1932 was put in issue by the original answer of the defendant Lena J. Champeny. This is true; but this issue did not remain in the case, because plaintiffs, on December 18, 1931, filed a motion (Div. II) asking to have the allegations of the original answer raising this issue stricken out. That part of the original answer setting up the execution of a lease to Verzani by Mrs. Champeny was included in that part of the answer which plaintiff moved to strike. On December 22, 1931, Mrs. Champeny's attorney confessed this part of plaintiff's motion and dismissed the same without prejudice. No amendment to her answer re-alleging this issue was ever filed by defendant Mrs. Champeny. At the time of the trial, therefore, there was absolutely no issue as to plaintiff's right to a receivership in the case.

We believe that the action of the trial court was right, and that the defendant should not have been permitted to intervene more than two months after the trial.

The judgment of the lower court on the whole case is affirmed. —Affirmed.

All the Justices concur except ALBERT and ANDERSON, JJ.

ANDERSON, J., took no part.